3 So.2d 411

**PRESTON v. LaSALLE APART-MENTS, Inc.**

**6 Div. 843.**

Supreme Court of Alabama.

June 5, 1941.

Rehearing Denied June 30, 1941.

J. P. Mudd, of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

542

THOMAS, Justice.

The appeal sought a review of the overruling of demurrers to the plea and the giving of requested charges for defendant.

The gravamen of the complaint is: "Plaintiff avers that all of her said injuries and damages were sustained as a proximate consequence of the negligence of the defendants in this: the defendants on said occasion did negligently maintain said floor at the place where the plaintiff slipped and fell in an unsafe condition for the use of the plaintiff and of invitee upon said premises."

In City of Birmingham v. Monette, Ala. Sup., 1 So.2d 1, 4, 133 A.L.R. 1020,[1] it is said, among other things, that: "The rule approved by this Court is that, if 'plaintiff knew of the defect in the sidewalk, then contributory negligence on her part in not remembering and avoiding the danger is to be presumed, in the absence of satisfactory excuse for forgetting. * * *"

Defendant's pleadings *were not in short by consent.* The plea of contributory negligence was insufficient, within the rule that obtains. The rule of such pleading is that: "* * * facts must be alleged—facts which are sufficient, in themselves, to show plaintiff's negligence as a conclusion of law, or to reasonably suggest it as an inference of fact. In the latter case, the facts being proved, negligence vel non is a question of inferential fact for the jury; and, the facts being consistent with a negative inference, it is essential that the plea should color the equivocal facts by supplying the conclusion that plaintiff's conduct was negligent. Pace v. L. & N. R. R. Co., 166 Ala. 519, 52 So. 52, 54. Where plaintiff's conduct is not per se negligent, but may be so by reason of attending circumstances, these circumstances must be shown by appropriate averment, as far as is reasonably practicable, though, brevity being the soul of good pleading, shorthand statements may often suffice, when their ultimate constituents would be tedious or difficult of rehearsal." Birmingham Ry., Lt. & Pr. Co. v. Gonzalez, 183 Ala. 273, 278, 61 So. 80, 82, Ann.Cas.1916A, 543.

Guided by this rule, the plea should go further and show that the floor was still wet or in an unsafe condition.

[1] Ante, p. 109.

The contributory negligence sought to be charged in defendant's plea of plaintiff must be such as proximately contributed to plaintiff's injury to bar a recovery under a simple negligence count. Bradshaw Plosser & Rowe v. Hoskins, 223 Ala. 23, 134 So. 625; Gillespie v. Woodward Iron Co., 209 Ala. 458, 96 So. 595; Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 220, 167 So. 298.

■ A primary insistence of appellant is that the submission of the issue of contributory negligence to the jury is different from the negligence charged in the plea of contributory negligence. If so, it is prejudicial. Birmingham Ry., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; Louisville & N. R. Co. v. Moran, 190 Ala. 108, 125, 66 So. 799; Southern Ry. Co. v. Shelton, Adm'r, 136 Ala. 191, 34 So. 194.

■ There are several charges requested by defendant and given that submit to the jury the issue of contributory negligence, which are different from the negligence charged in defendant's plea. This may not be done. This is in accord with many decisions of this court. This is the result of the rulings requiring a fair and impartial charge that will not divert the mind of the jury from the issue of fact to be decided. Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553; Honeycutt v. Birmingham Electric Co., 236 Ala. 221, 181 So. 772; Boyette v. Bradley, 211 Ala. 370, 100 So. 647; Montgomery Light & Traction Co. v. Harris, 197 Ala. 236, 72 So. 545; Decatur Light Co. v. Newsom, 179 Ala. 127, 59 So. 615; Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80.

■ In Prudential Ins. Co. of America v. Zeidler et al., 233 Ala. 328, 171 So. 634, this court said that the general duty imposed by the law on the owner of premises is to be reasonably sure that he is not inviting another into danger, and to exercise ordinary care and prudence to render and keep his premises in a reasonably safe condition for invitees. Southern Ry. Co. v. Bates, 194 Ala. 78, 69 So. 131, L.R.A.1916A, 510; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Alabama By-Products Corp. v. Cosby, 217 Ala. 144, 115 So. 31; Stephens v. Walker, 217 Ala. 466, 117 So. 22; Birmingham Electric Co. v. Kirkland, 218 Ala. 429, 118 So. 640; Williams et al. v. Bolding, 220 Ala. 328, 124 So. 892; Birmingham Amusements, Inc. v. Turner, 221 Ala. 242, 128 So. 211; Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787; Needham v. Birmingham Trusville Iron Co., 229 Ala. 452, 157 So. 849; Thompson on Negligence, § 1030; Bennett v. Louisville & Nashville R. R. Co., 102 U.S. 577, 579, 26 L.Ed. 235.

■ It is the duty of one who maintains an apartment house or public building, where the same is rented to tenants, to so maintain the floors and approaches to stairs and elevators as that such tenants and their invitees may have egress and ingress without unnecessary danger in the due exercise of the privilege or necessity of going to and from such apartment house or office building. Here it is alleged that the approach at the time of the injury was so materially affected and maintained by the use of soap and water in cleaning the floor and that defendant left unguarded and unprotected the said floor being cleaned and without any one present to warn of an intentionally and recently changed condition, which proximately caused the plaintiff's fall and resulting injuries herein complained of.

The gist of the defendant's plea of contributory negligence (plea No. 4) is that plaintiff had lived in said apartment building for some months prior to her said alleged injury and was familiar with the surrounding conditions and constructions of said floor at said point where she fell. Defendant further "avers that plaintiff knew that said floor had been washed with water a short time prior to said accident. Defendant further avers that plaintiff negligently failed to look and observe at the place or point where she was walking or stepping. Defendant further avers that said negligence on the part of the plaintiff proximately contributed to her said alleged injuries and damages."

The appellant assigns as error the giving by the trial court of the following written instruction to the jury requested by the defendant:

"The court charges you, gentlemen of the jury, that it was the duty of the plaintiff to exercise ordinary and reasonable care to preserve her own safety, and, if you are reasonably satisfied from all the evidence in this case *that plaintiff failed to exercise ordinary and reasonable care* and that such failure proximately contributed to her injuries, then your verdict should be for the defendant." (Italics supplied.)

The above charge denies a recovery to the plaintiff if the plaintiff failed to exercise

544

ordinary and reasonable care to preserve her own safety, regardless of whether her negligence was or was not that pleaded as a defense in the case. The specific acts of contributory negligence complained of by the defendant is made the issue of fact in its plea of contributory negligence declared on in plea four. The submission of an issue of contributory negligence to the jury in given charge forty-three is different from the negligence charged in the complaint or in the plea of contributory negligence. The giving of this charge constituted error. See Thomas v. Carter, 218 Ala. 55, 117 So. 634, 639, where an application for rehearing was granted on that ground. Charge forty-three bars the plaintiff's right of recovery if she were guilty of any lack of ordinary and reasonable care. Under that charge she would be barred if she were "wearing heals that were dangerously high, or if she were intoxicated, or if she had had grease or soap on the soles of her shoes." The plaintiff might have been guilty of *other* forms of negligence in failing to exercise care, but those other forms of negligence were not in issue. The only element of negligence that was in issue was that set forth in defendant's plea of contributory negligence in plea four. In Birmingham Railway Light & Power Co. v. Fox, 174 Ala. 657, 676, 56 So. 1013, 1019, it is declared:

"* * * if the plaintiff's negligence, though slight, is the proximate cause of injury, he cannot recover for the simple antecedent negligence of the defendant, but the contributory negligence to preclude him must be specially pleaded, *and it is only such negligence as is pleaded that can defeat a recovery, and not some proximate contributory negligence* not specially pleaded. Sloss Co. v. Hutchinson, 144 Ala. 221, 40 So. 114; Southern R. R. Co. v. Shelton, 136 Ala. 191, 34 So. 194; Alabama Mid. R. R. Co. v. Johnson, 123 Ala. 197, 26 So. 160; Birmingham [Ry. & Elec. Co.] v. City Stable Co., 119 Ala. 615, 24 So. 558, 72 Am.St.Rep. 955; Alabama G. S. k. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84. * * *" (Italics supplied.)

The appellant assigns as error the trial court's action in giving at the request of the defendant the following written instruction to the jury: "The court charges you, gentlemen of the jury, that if you are reasonably satisfied from all the evidence in this case that the injuries to the plaintiff resulted from her own misstep, and not from the unsafe condition of the corridor on the fourth floor of the LaSalle Apartments, then your verdict should be for the defendant."

This charge is infected with the fatal defect of assuming that the plaintiff made a misstep, thereby invading the province of the jury. Montgomery Light & Traction Co. v. Harris, 197 Ala. 236, 72 So. 545; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553. The charge further assumes that making a misstep is the legal equivalent of negligence. This is patently untrue under the evidence. A misstep may have been caused through no negligence on the part of the plaintiff; but, on the contrary, as a proximate result of the negligence on the part of the defendant, of which complaint is made. That charge was erroneously given because it invades the province of the jury.

The appellant assigns as error the trial court's action in giving at the request of defendant the following written instruction: "The court charges you, gentlemen of the jury, that if you are reasonably satisfied from all the evidence in this case that plaintiff received her injuries as the sole proximate consequence of her foot turning and not as the proximate consequence of slipping on some foreign substance on said floor, then the plaintiff is not entitled to recover."

The above quoted charge is a sole proximate consequence charge, and is subject to the observations that no matter how unsafe the floor was, or how negligent the defendant was in connection with its maintenance at the time of the injury, the plaintiff could not recover, if she turned her foot rather than slipped, although her foot turning might have been due to the defendant's negligence in maintaining an unsafe floor; that if her foot turned and she did not slip, then she cannot recover, though the cause thereof was the act of negligence charged.

It results that from the giving of charges requested by the defendant, reversible error intervened in the trial of this cause, and the same should be and is hereby reversed and remanded.

Reversed and remanded.

GARDNER, C. J., BROWN, and LIVINGSTON, JJ., concur.