229 So.2d 916

**Milton Henry ISAY**

v.

**Mois N. CAMERON.**

**3 Div. 333.**

Supreme Court of Alabama.

Oct. 9, 1969.

Rehearing Denied Jan. 8, 1970.

Ball & Ball and Kenneth E. Vines, Montgomery, for appellant.

Cameron & Cameron, Montgomery, for appellee.

## PER CURIAM.

This is a suit for damages for personal injuries and property damage alleged to have been sustained by appellee, plaintiff below, as a result of a collision involving appellee's vehicle and the vehicles of appellant Isay and of the defendant Kilmer. The case was tried on May 10, 1967.

The complaint contains one count alleging simple negligence on the part of the defendants Isay and Kilmer in the operation of their automobiles. Both defendants pleaded in short by consent.

At the conclusion of the evidence and instructions by the court, the case was submitted to a jury who returned a verdict in favor of the plaintiff and against the defendant Isay, appellant, for the sum of $5,000.00 and in favor of the defendant Kilmer. Defendant Isay's motion for a new trial was overruled by the court.

The supersedeas bond was filed by defendant Isay and service of notice of appeal was accepted by counsel of record for plaintiff. Notice to join in appeal was accepted by counsel of record for defendant Kilmer.

The three-vehicle accident made the basis of this lawsuit occurred in Montgomery, Alabama, on July 8, 1966, on the Southern By-Pass near its intersection with Norman Bridge Road. The Southern By-Pass runs generally east and west and has two lanes of travel in each direction. The three vehicles involved in this accident were proceeding west and were in the outside lane of travel. The plaintiff's automobile was ahead of the other vehicles, being followed by the vehicles of defendant Isay and defendant Kilmer, respectively.

There was no dispute that Isay's vehicle collided with the vehicle of the plaintiff, nor was there any dispute that Kilmer's vehicle collided with Isay's vehicle. The evidence is in conflict, however, as to the cause of Isay's vehicle striking the vehicle of the plaintiff. Isay's contention was that his vehicle was stopped behind the plaintiff's vehicle and was knocked into the rear of the latter when co-defendant Kilmer's vehicle struck his vehicle in the rear. Plaintiff's contention was that her vehicle was first struck by the vehicle of the defendant Isay from the rear before Isay's vehicle was struck by Kilmer's vehicle, the latter resulting in a second impact between Isay's vehicle and that of the plaintiff.

Each defendant contended at trial that there was no negligence on his part which proximately caused plaintiff's injuries and damages.

There are six assignments of error on this appeal, only three of which are substantially argued in brief. Therefore, our attention will be restricted to assignments of error 1, 4 and 6. Assignments of error 2, 3 and 5 are waived. Supreme Court Rule 9, Tit. 7, App., Code 1940

Assignment of error 1 is predicated upon the action of the lower court in giving the

following-charge at the request of the defendant Kilmer:

"IV. I charge you, gentlemen of the jury, that if you are reasonably satisfied from all the evidence in this case that Milton H. Isay struck the automobile of the plaintiff, Mrs. Cameron, and proximately caused injury to Mrs. Cameron, you cannot find a verdict against Edna L. Kilmer for the injuries caused by Milton H. Isay."

Charge IV is totally bad. In the first place, the word "negligently" should have been inserted before the word "struck." Secondly, the charge pretermits all the evidence that the Kilmer car knocked Isay's automobile into that of the plaintiff. Thirdly, it withdraws any consideration of the negligence of Kilmer from the jury, irrespective of the fact that both the plaintiff and defendant Isay contended that Kilmer's negligence was the partial or total cause of plaintiff's injuries.

In order to fasten liability on a defendant in a suit alleging negligence, the plaintiff must not only show that the defendant was negligent, but the proof must show that the negligence charged proximately caused the injury. Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So.2d 90.

Charge IV does not predicate any action on negligence and should not have been given.

The next question to consider is whether the giving of the erroneous charge was prejudicial to the defendant-appellant Isay.

We have held that under the broad language of § 273, Tit. 7, Code 1940, one of several defendants may assign as error the giving of written charges requested by a co-defendant. City of Montgomery v. Jones, 277 Ala. 617, 173 So.2d 781; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667.

It is only to restate defendant Isay's main defense to show prejudice. He contended that his vehicle was properly stopped behind that of plaintiff and it was Kilmer's car striking the rear of his vehicle which knocked his vehicle into plaintiff's car through no fault on his part. But Charge IV instructs the jury if it is satisfied from the evidence that Isay's vehicle "struck the automobile of the plaintiff," an undisputed fact, and proximately caused, not *the* injuries, but "injury to the plaintiff," the Kilmer car could not be found liable for causing any part of the injuries sustained by plaintiff.

Charge IV came very close to being an affirmative charge for defendant Kilmer against defendant Isay, and it is possible that the jury, knowing it was undisputed that Isay's vehicle hit plaintiff's car, took the charge to mean if Isay's vehicle caused any part of plaintiff's injuries, then they could not find against Kilmer. If the jury did reach such a conclusion, Isay lost the right, under the instruction, to have Kilmer contribute in paying the amount of the verdict and judgment in favor of plaintiff.

We hold that the giving of the charge was so prejudicial as to constitute reversible error.

It is argued that the error was not prejudicial under the holdings in Johnson v. Coker, 281 Ala. 14, 198 So.2d 299; City of Montgomery v. Jones, 277 Ala. 617, 173 So. 2d 781, and Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743. In each of those cases, we pointed out why there was no prejudice. Here, we have pointed out and specified how Isay was prejudiced by the giving of Charge IV.

If the trial court gives an erroneous and prejudicial charge at the request of a party, the error ordinarily works a reversal, though the court correctly charged the jury otherwise. Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743; New York Life Ins. Co. v. Jenkins, 229

Ala. 474, 158 So. 309. This principle governs our holding as to Charge IV.

Assignment of error 4 is that the lower court erred in refusing to give at the request of appellant Charge 6, to wit:

"I charge you that if you are reasonably satisfied from the evidence that the collision which proximately caused the injuries of which the plaintiff complains was unavoidable on the part of defendant Isay, then you cannot return a verdict for the plaintiff against defendant Milton Isay."

■ The giving or refusal of "unavoidable accident" or "mere accident" charges to the jury in actions involving automobile collisions does not constitute reversible error. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277; Socier v. Woodard, 264 Ala. 514, 38 So.2d 783; Conner v. Foregger, 242 Ala. 275, 7 So.2d 856. Assignment of error 4 is without merit.

■ Assignment 6 charges error in the refusing of requested Charge 10. Without passing on the correctness of the charge, we are convinced that what it attempted to say was adequately covered by the oral charge of the court, and when so, it is not reversible error for the trial court to refuse such a requested written charge. Smith v. Lawson, 264 Ala. 389, 88 So.2d 322; Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837.

Reversed and remanded.

LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

LIVINGSTON, C. J., dissents.

On Rehearing

PER CURIAM.

The parties appear to be in doubt as to whether our reversal of the judgment means a vacation of the judgment only as to appellant Isay, or in its entirety.

We reversed because of the giving of a charge requested by the non-appealing defendant, Kilmer, which injuriously affected the rights of appellant Isay.

■ We are of the opinion that the ends of justice will best be served by the reversal and vacation of the judgment in its entirety so that the cause may be retried. Zemczonek v. McElroy, 264 Ala. 258, 86 So. 2d 824; Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259; St. Paul Fire & Marine Ins. Co. v. Johnson, 256 Ala. 690, 57 So. 2d 80.

Opinion extended and application for rehearing overruled.

SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, concur.

LIVINGSTON, C. J., dissents.