268 So.2d 746

**Emma Lee PARKER, as Administratrix of the Estate of Ralph H. Parker, Deceased,**

**v.**

**Orban Ray WILLIAMS et al.**

**SC 23.**

Supreme Court of Alabama.

Nov. 2, 1972.

Peter V. Sintz, Mobile, for appellee W. T. Ratliff Co., Inc., a corporation.

Cunningham, Bounds & Byrd, Mobile, for appellant.

James J. Duffy, Jr. and John N. Leach, Jr., Mobile, for appellees Orban Ray Williams and W. D. Brunson.

468

A. Neil Hudgens, Mobile, for appellee Edward M. Chadbourne, Inc.

BLOODWORTH, Justice.

Appellant (plaintiff below) appeals from a judgment of the trial court overruling her motion for new trial, after a jury verdict for appellees (defendants below).

The only grounds of the motion for new trial which are argued, charge error in the trial court's giving three written charges requested by defendants.

The suit was filed by Emma Lee Parker, as Administratrix of the Estate of Ralph H. Parker, for the wrongful death of her husband on September 23, 1968. The deceased was engaged in performing his duties as a project engineer for the State Highway Department on a road paving project in Mobile County. He was killed when a dump truck backed over him. Defendants in the suit were Edward M. Chadbourne, Inc. (the prime contractor), W. T. Ratliff Company, Inc. (the subcontractor for the furnishing of base materials), W. D. Brunson (the owner of the truck), who contracted with Ratliff to haul its materials, Orban Ray Williams (the driver-employee of Brunson), and Gulf Materials, Inc., which was stricken as a party defendant prior to trial.

The case went to trial on the amended complaint, consisting of two counts, founded on the joint and concurring negligence of all defendants.

At the conclusion of the case, the general affirmative charge was given for defendant, Edward M. Chadbourne, Inc. The case went to the jury against the remaining defendants, and a verdict returned in favor of all defendants.

Plaintiff's motion for new trial having been duly filed and denied, this appeal ensued.

■ Plaintiff *first* insists that the trial court erred in giving at the request of defendant W. T. Ratliff Company, Inc., the following written charge, viz:

"DEFENDANT'S REQUESTED JURY CHARGE NO. 25

The Court charges the jury that contributory negligence, no matter how slight, which proximately contributed to the injury resulting in the death of Mr. Parker is a complete defense in this action, and if you are reasonably satisfied from all the evidence in this case that Mr. Parker was guilty of some negligence in failing to exercise reasonable or ordinary care to avoid the injury resulting in death to himself on the occasion complained of, on [sic] such failure proximately contributed to his injury in the slightest degree, then your verdict should be for the defendant W. T. Ratliff Company, Inc."

Defendant Ratliff's pleas of contributory negligence aver that plaintiff's intestate: " * * * negligently placed himself in a position of known danger and failed to remove himself when he knew, or in the exercise of reasonable care for his own safety, should have known that the motor vehicle * * *" was about to run over him; " * * * knew that vehicles would probably be approaching * * * and * * * that he would probably be injured by the same, unless he exercised reasonable care in looking up and down * * * for such approaching vehicles * * *."

Plaintiff contends that these pleas set forth those particular facts which constituted contributory negligence, while the given charge is simply predicated on the plaintiff's intestate failing " * * * to exercise reasonable or ordinary care to avoid the injury."

It is plaintiff's argument that it is error for the trial court to charge the jury it should find for defendant if plaintiff was guilty of some negligence, etc. which proximately contributed to his injury, when specific acts of contributory negligence as alleged in the plea would not be required to be proved. Plaintiff states, in brief, "It [defendant] cannot plead contributory negligence based on one set of facts and then rely on contributory negligence founded on other facts." Plaintiff cites the case of Preston v. LaSalle Apartments, Inc., 241 Ala. 540, 3 So.2d 411 (1941) as being directly in point.

Defendant Ratliff seeks to distinguish *Preston*, supra. It also argues there was no error in giving the charge, because the gist of the charge is the same as the plea. And, it urges " * * * the very worst to be said of Ratliff's charge 25 is that it could be considered misleading or confusing," in which case appellant's remedy would be to request an explanatory charge. Ratliff proceeds to argue that even if it conceded that the charge is erroneous, it did not prejudice plaintiff in the light of the court's oral charge, which clearly defined contributory negligence. Finally, defendant Ratliff says that, conceding arguendo, the charge is erroneous and prejudicial, nevertheless the giving of the charge would not be reversible error, because defendant Ratliff was entitled to the general affirmative charge.

Plaintiff replies to these contentions by contending that no charge of contributory negligence submitted to the jury can broaden a plea of contributory negligence,

which is the effect of the charge here. It is positively erroneous, not merely misleading or abstract or confusing. Finally, it is plaintiff's conclusion that defendant Ratliff was not entitled to the general affirmative charge.

We agree with plaintiff and think she is correct in her contention that the charge in question is prejudicially erroneous and that in the giving thereof, the trial court committed reversible error.

In this case, Ratliff's pleas are: that plaintiff's intestate knew that vehicles would probably be approaching the point where he was walking and in such close proximity to him that he would probably be injured unless he looked for such vehicles; but that he proceeded to walk without looking; and that he placed himself in a position of known danger and failed to remove himself when he knew, or in the exercise of reasonable care, should have known the truck was about to run over him.

In Preston v. LaSalle Apartments, supra, the gist of the plea was that plaintiff knew the floor had been washed with water a short time before but failed to look and observe at the point where she was walking, etc.

■ It is clear to us that the substance of the pleas in the case at bar and in *Preston*, supra, are identical. They both allege contributory negligence in particular terms. In both cases, the trial judge gave, at request of defendants, charges which submitted to the jury the issue of contributory negligence in general terms. Additionally, the charge complained of here states that the slightest contributory negligence bars a recovery. Thus, any lack of ordinary or reasonable care, however slight, would foreclose recovery, even though the spe-

cific acts of contributory negligence charged were not proved.

As this Court held in Preston v. LaSalle Apartments, supra:

" * * * Charge forty-three bars the plaintiff's right of recovery if she were guilty of any lack of ordinary and reasonable care. Under that charge she would be barred if she were 'wearing heals that were dangerously high, or if she were intoxicated, or if she had had grease or soap on the soles of her shoes.' The plaintiff might have been guilty of *other* forms of negligence in failing to exercise care, but those other forms of negligence were not in issue. The only element of negligence that was in issue was that set forth in defendant's plea of contributory negligence in plea four."

This Court has said it is only that negligence which is pleaded which can defeat a recovery by plaintiff and not some proximate contributory negligence which is not specially pleaded. Birmingham Railway Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013 (1919); Southern Ry. Co. v. Shelton, 136 Ala. 191, 34 So. 194 (1903); Alabama Great So. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84 (1908).[1]

We cannot agree with defendant Ratliff's arguments that the charge is merely misleading, or that it did not prejudice plaintiff in the light of the oral charge or that defendant was entitled to the general affirmative charge.

We hold, on the authority of *Preston*, supra, that the charge is positively erroneous, not merely misleading.

■ Nor do we think there is any merit in the contention that the giving of the

1. We note Rule 37, Rules of Practice in the Circuit and Inferior Courts, Title 7, Code 1940, Appendix, requires no greater particularity of averment in pleading contributory negligence than is required to plead initial negligence. This rule be-

came effective the first Monday in October, 1942. The cases cited were decided prior to adoption of the rule. The effect, if any, of Rule 37 is not made an issue here.

charge did not prejudice plaintiff in light of the oral charge. The trial judge's giving of a correct charge does not correct error in the giving of an erroneous and prejudicial written charge. Isay v. Cameron, 285 Ala. 164, 229 So.2d 916 (1969); Trial, ☞296(1), Alabama Digest, Vol. 18A.

■ We also hold, after carefully considering the evidence, that the trial court was correct in refusing to give the affirmative charge for defendant Ratliff.

■ Plaintiff *next* contends that the trial court erred in giving at the request of defendants Brunson and Williams the following written charge, viz:

"Requested Jury Charge of Defendants W. D. Brunson and Orban Ray Williams No. 24 The Court charges the jury that it is the burden of the plaintiff to prove to your reasonable satisfaction from the evidence that the Defendants W. D. Brunson and Orban Ray Williams were guilty of negligence as charged in the complaint and that such negligence proximately caused the death of the decedent and the injuries of the survivor. You are not permitted to speculate or guess in arriving at your verdict. If your minds are left in a state of speculation, conjecture or doubt then you may not return a verdict against the Defendants W. D. Brunson and Orban Ray Williams."

Plaintiff says the error in giving this charge is that it places upon plaintiff the impossible burden of proving that defendants Brunson's and Williams' negligence not only caused the intestate's death but "the injuries of the survivor." Plaintiff says " * * * there was no way in the world for the plaintiff to prove any injuries to the survivor." Plaintiff also says the charge is erroneous in charging the jury they may not return a verdict against defendants Brunson and Williams if their minds are left in a state of "speculation, conjecture or doubt."

Defendants Brunson and Williams admit that only punitive damages are recoverable

in wrongful death actions and "injuries to the survivor" are not in issue. But, these defendants say the judge carefully instructed the jury as to the damages in his oral charge, and under Rule 45, the error was "harmless." In fact, defendants say " * * * this charge was favorable to the Appellant Emma Lee Parker * * *" because she took the stand and the " * * * injuries sustained by Mrs. Parker in the loss of her husband were obvious to the jury as they saw this lady sitting there during the trial."

Defendants Brunson and Williams also contend this charge relates only to damages and that an erroneous charge as to damages is harmless where the verdict was for defendants, citing Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963). They also say if the charge was misleading, an explanatory charge should have been requested.

Again, we must agree with the plaintiff that in the giving of this charge the trial court committed reversible error. We hold, as this Court held in Alabama Great Southern Railway Co. v. Robinson, 183 Ala. 265, 62 So. 813 (1913), that the "doubt" part of the charge in question places too great a burden of proof on plaintiff.

This Court had this to say in *Robinson*, viz:

"Charge 16, refused the defendant, was bad. It instructs for the defendant if the mind of the jury 'be in a state of doubt or confusion as to whether or not the plaintiff is entitled to a verdict.' The words 'doubt or confusion' are disjunctive; and, if either existed, the charge requires a verdict for the defendant; the result is the jury could not, under said charge, find a verdict for the plaintiff if they entertained the slightest doubt as to her right to recovery. Their mind might be in a state of doubt, yet they might be reasonably satisfied that the plaintiff should recover. In other words, this charge, in effect, requires that the proof shall satisfy the jury beyond doubt, and

that they must be absolutely positive as to the plaintiff's right to recover before they can find a verdict for her."

We also held, in our recent case of Britton v. Doehring, 286 Ala. 498, 242 So.2d 666 (1970), that a similar charge (using the words "speculation or conjecture") placed too high a degree of proof upon the plaintiff.

Additionally, the charge is bad because it places on plaintiff the burden of proving that defendants' negligence proximately caused "the injuries of the survivor." Even these defendants concede that "injuries of the survivor" are not in issue since only punitive damages are recoverable in a wrongful death action. Defendants argue, however, that the error is harmless since the trial judge correctly charged the jury on this issue. There is no merit in this contention. Isay v. Cameron, supra.

Neither are we persuaded that there is merit in the contention of defendants that the error is harmless since the verdict was for defendants and relates only to damages. Though the prejudicially erroneous portion does speak of "injuries," the charge as a whole deals with the burden of proof and proximate cause. Thus, we consider the rule expressed in Thompson v. Magic City Trucking Service, supra, to be inapposite.

█ *Finally*, plaintiff claims that the trial court erred in giving at the request of Defendant, W. T. Ratliff Company, Inc., the following written charge, viz:

"DEFENDANT'S REQUESTED JURY CHARGE NO. 24 The Court charges the jury that if after considering all the evidence in this case your minds are left in a state of reasonable uncertainty as to whether the Plaintiff is entitled to recover, your verdict must be for the Defendants."

Plaintiff argues that this charge exacts too high a degree of proof, because in civil cases facts are only required to be proved to the reasonable satisfaction of the jury, not with reasonable certainty.

Defendant Ratliff admits "this charge is improper in form," but maintains it was error without injury to give it because it was entitled to the affirmative charge.

Defendant also contends this charge is similar to so-called "state of confusion" charges held merely to be misleading. At any rate, defendant says the court orally charged the jury as to the correct rule on burden of proof. If error, it is error without injury under Rule 45, defendant argues.

We are persuaded that plaintiff is correct in her contentions. It appears to this Court that charging the jury that their verdict must be for defendants if their minds are left "in a state of reasonable uncertainty" is the same thing as charging that the burden is on plaintiff to prove her case "with reasonable certainty." As plaintiff comments in brief:

"If she does not prove her case with reasonable certainty, the minds of the jury can only be left in a state of 'reasonable uncertainty,' * * *."

In Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663 (1906), this Court held that a charge founded on proof to a "reasonable certainty" requires too high a degree of proof. The court added that in civil cases " * * * facts are not required to be proved with reasonable certainty. To the reasonable satisfaction of the jury is sufficient."

We cannot agree that it was error without injury to give the charge, because defendant was entitled to the general affirmative charge. We have already indicated, in commenting on charge 25, that, in our view, the trial court was correct in refusing to give the general affirmative charge for this defendant.

Neither do we think there is merit in the defendant's contention that there was no prejudice in giving this charge. With reference to each of these charges, we have considered, in consultation, the entire cause and must conclude that the giving of each charge has "probably injuriously affected substantial rights" of the plaintiff within the meaning of Supreme Court Rule 45.

This Court must conclude that, in giving these three erroneous charges, the trial court erred to reverse.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN and McCALL, JJ., concur.