On Rehearing.
On application for rehearing, the original opinion is withdrawn, and this one substituted therefor.
Hamilton, a passenger in a car driven by Eich, was injured in a two-car collision on State Highway 59 South, about 0.3 miles south of Gulf Shores. Eich made a left turn across oncoming lanes of traffic and collided with Kinsey, a policeman chasing a speeding motorist.
Hamilton testified that he never saw Kinsey's police car, notwithstanding that two fishermen some 500-600 yards behind the Eich-Hamilton car were able to see it clearly just before the accident.
Hamilton admitted that he and Eich had a couple of drinks, though he contended they were not drunk. Kinsey's evidence tended to show that Hamilton and Eich were both intoxicated at the time of the accident.
When the accident occurred, Kinsey's police car was traveling at excessive speed without a flashing blue light or sounding siren.
Hamilton, the passenger, filed suit in Circuit Court, claiming damages for permanent injuries suffered as a direct and proximate result of the negligence of Kinsey. Kinsey denied negligence and contended Hamilton was contributorily negligent. The trial resulted in a jury verdict in favor of Kinsey. Hamilton contends that the Circuit Court erred by giving Charge No. 12 requested by Kinsey. That charge is as follows:
 "I charge you, members of the jury, that, under the law of Alabama, contributory negligence is a complete defense to any right of recovery of Benjamin L. Hamilton for simple initial negligence, and, if you are reasonably satisfied from the evidence in this case that Benjamin L. Hamilton was guilty of negligence and that his negligence proximately contributed to the accident of which he complains, even in the slightest degree,[1] then Benjamin L. Hamilton cannot recover under his first claim."
Hamilton contended that the charge improperly omitted an instruction within the charge to the effect that to impute negligence of the driver of an automobile to a passenger, the passenger must have assumed control and direction of the vehicle, or must have some right to a voice in the direction, management or control of the automobile. Hamilton further argued that no plea of joint venture remained under which the charge as given might be proper.
On application for rehearing, Kinsey contends that it was not error for the trial court to give Charge No. 12, on the ground that Hamilton's objection was limited to the principle of imputed negligence and did not extend to the principle of passenger negligence. It is on this distinction that we find the charge was properly given. The application for rehearing is granted.
It is well established in Alabama that a gratuitous automobile passenger is not absolved of all personal care for his own safety, but is under a duty of exercising reasonable or ordinary care to avoid injury, such care as would be exercised by an ordinarily prudent person under like circumstances, and generally is chargeable with contributory negligence barring a recovery, if his failure to exercise such care contributes proximately to his injuries. E.g., Moore v. L. N.R.R.,223 F.2d 214 (5th Cir. 1955); Iverson v. Phillips, 268 Ala. 430,108 So.2d 168 (1959); Utility Trailer Works v. Phillips,249 Ala. 61, 29 So.2d 289 (1946). This duty exists even though the passenger is not chargeable with the driver's negligence.Coulter v. Holder, 287 Ala. 642, *Page 346 254 So.2d 420 (1971). The obligation to exercise reasonable care for one's own safety exists independent of the imputation principle. See Proctor v. Coffey, 227 Ala. 318, 149 So. 838
(1933). Passenger negligence does not require that the passenger have authority or control over the movement of the car in which he was a passenger. Passenger's duty to use due care for his own safety is not affected by the question of agency or pursuit of joint enterprise. McGeever v. O'Byrne,203 Ala. 266, 82 So. 508 (1919).
When a driver is negligent, reckless or incompetent, and this is known to the guest, the duty of due care on the part of the guest arises. Williams v. Pope, 281 Ala. 382, 203 So.2d 105
(1967). Under the facts of this case, a jury could have found that Hamilton's entering the automobile as a passenger when the driver was intoxicated was contributory negligence, and could have found his failure to keep watch after entering, was also contributory negligence.
That Hamilton was also intoxicated was no defense. Drunkenness does not exempt a person from the responsibility of his own acts; and if intoxication renders him reckless or indifferent to the consequences, and he fails to exercise due care, such failure will not be excused because superinduced by intoxication. Johnson v. L. N.R.R., 104 Ala. 241, 16 So. 75
(1894). The law exacts from one voluntarily intoxicated the same care as it would from a sober person of ordinary prudence under like circumstances. Johnson v. L. N.R.R., supra. He cannot negligently abandon the exercise of his own faculties and trust entirely to the vigilance of the driver if the driver is known to have been intoxicated. Bradford v. Carson, 223 Ala. 594,137 So. 426 (1931). Hamilton's intoxication was self-imposed, was not known to Kinsey and imposed no special duty on Kinsey. See Johnson v. L. N.R.R., supra.
A jury could have found recovery should be denied Hamilton because of his own negligence. No instruction regarding control was, therefore, necessary. Although Hamilton could not be barred from recovery by imputed negligence because the pleas did not show that he had control of the vehicle, he could, nevertheless, be barred by contributory negligence. Charge No. 12 was correctly given.
APPLICATION FOR REHEARING GRANTED.
ORIGINAL OPINION WITHDRAWN.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[1] The term "slightest degree" should not be used in a charge on contributory negligence. The charge found in Alabama Pattern Jury Charges, § 21.03, p. 297, should be used where defendant raises contributory negligence in his answer.