519 So.2d 1314 (1988)
David Randall BOHANNON
v.
Rheda D. DRISKELL.
86-443.
Supreme Court of Alabama.
January 15, 1988.
*1315 Melvin W. Brunson of Thiry, Maples & Brunson, Mobile, for appellant.
Reggie Copeland, Jr., and Charles J. Potts of Nettles, Barker, Janecky & Copeland, Mobile, for appellee.

ON REHEARING EX MERO MOTU
MADDOX, Justice.
On our ex mero motu reconsideration of this case, the original opinion is withdrawn and the following substituted therefor:
David Randall Bohannon filed suit in the Circuit Court of Mobile County against Rheda D. Driskell, claiming that Driskell's negligence and wantonness proximately caused a motor vehicle accident and the injuries he received as a result of the accident. The case was tried before a jury, which returned a verdict in favor of the defendant Driskell. Plaintiff Bohannon appeals, claiming the trial court erred in instructing the jury in a supplemental charge that the "slightest bit" of contributory negligence would bar a recovery on plaintiff's negligence claim. We affirm.
After two days of testimony, the trial judge charged the jury on the law of the case. The first charge on contributory negligence was as follows:
"In [response] to that negligence cause of action, the defendant has pled or answered by saying, Mr. Plaintiff, you yourself were guilty of some negligence and that negligence proximately contributed to your injuries. This is a special or an affirmative defense. The burden of proving that defense is on the defendant to reasonably satisfy you from the evidence that, in fact, the plaintiff was guilty of some negligence that proximately contributed to his injuries. [Emphasis added.]
"If the defendant proves that defense, thenand I'll get into this a little bit alsothen the plaintiff cannot recover under the theory of initial simple negligence on behalf of the defendant."
Contributory negligence was also addressed later in the charge:
"Ladies and gentlemen, contributory negligence is negligence on the part of the plaintiff that proximately contributed to his injuries. The defendant's answer raising contributory negligence is an affirmative defense. Therefore, the burden is on the defendant to reasonably satisfy you from the evidence as to the truth of all the material allegations of that defense. If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for *1316 any initial simple negligence of the defendant." [Emphasis added.]
Bohannon did not object to these charges, and the jury began its deliberations. The jury later returned to the courtroom and the following transpired:
"FOREMAN: ... We would like for you to enlighten us some more on just what we're supposed to base our findings on.
"[At this point the court restated the basic issues, and again explained the `sudden emergency' doctrine and the theory by which a driver's negligence might be imputed to a passenger.]
"....
"THE COURT: ... Anyone else have a question?
"A JUROR: Is there anything in the law that has anything to do with one negligence being greater than another negligence or first negligence versus a second negligence? [Emphasis added.]
"THE COURT: Okay. In Alabama, we do not have what they call comparative negligence. And we're talking about negligence and not wantonness, okay? So, the slightest bit of contributory negligence is a complete defense to negligence on behalf of the defendant. [Emphasis added.]
"However, contributory negligence is not a defense to wantonness if the jury is reasonably satisfied from the evidence that the defendant was guilty of wantonness.
"I don't know if I made that clear or not. But in any event, we do not have comparative negligence, saying that this degree of negligence on behalf of so and so was greater than the degree of someone else. We don't have that.
"(Sidebar conference, off the record.) (In open court.)
"THE COURT: Anyone else have a question? (No audible response.)
"THE COURT: If you would, then, resume your deliberations....
"A JUROR: Thank you.
"(Jury not present.)
"THE COURT: Mr. Brunson, any exceptions?
"MR. BRUNSON: Yes, sir, Your Honor.... The charge where Your Honor charged on contributory negligence to the effect that the slightest degree of negligence would be a complete defense, I thinkI don't think that thatI think there's a case that says that is an improper charge. [Emphasis added.]
"THE COURT: That's the way I understand the law.
"MR. BRUNSON: Well
"THE COURT: Go ahead.
"MR. BRUNSON: I think thatit's just my understanding that there is a case that says that the charge of the slightest degree of negligence is improper.
"....
"(Jury excused for lunch recess.)
"[THE COURT]: Mr. Brunson, you wanted to put something on the record?
"MR. BRUNSON: Yeah. Let me just cite this case and make sure that
"All right. On my objection to His Honor's charge on contributory negligence stating that the slightest degree of contributory negligence would be a complete bar, I cite the case of [Hamilton v. Kinsey, 337 So.2d 344 (Ala.1976) ]. And I want to make sure ... that it's understood that my objection goes to the principle of passenger negligence and not the question [of] imputed negligence. Okay. And I think that that case holds it's improper, the slightest degree of negligence, to charge that.
"THE COURT: Well, that's a footnote in that case. And I don't think the opinion states that, though, does it?
"MR. BRUNSON: It says that they objected to it but they objected to it, just like I said, to the principle of imputed negligence and not passenger negligence.
"THE COURT: What I'm saying, the opinion does not state that that's not a good charge.
"MR. BRUNSON: I think it does. I think it's saying
"THE COURT: The footnote says it.
"MR. BRUNSON: Your Honor, I think what they're saying in number one, the first part dealing with that charge *1317 "THE COURT: Read me where it says that's not a proper charge.
"MR. BRUNSON: Well, all right. They talk about the charge being given, all right?
"THE COURT: I've read it."
The issue here is whether the trial court erred to reversal when, in answering the juror's question about what we perceive to be the doctrine of "comparative negligence" ("one negligence being greater than another negligence"), it stated: "In Alabama, we do not have what they call comparative negligence.... So, the slightest bit of contributory negligence is a complete defense to negligence on behalf of the defendant." (Emphasis added.)
Bohannon argues that the use of the term "slightest bit" greatly reduced the defendant's burden of proof. He relies on Parker v. Williams, 289 Ala. 466, 268 So. 2d 746 (1972), and Hamilton v. Kinsey, 337 So.2d 344 (Ala.1976).
Bohannon correctly points out that in Parker this Court reversed because such a charge had been given. In Parker, the trial court had given the following written charge at the request of the defendant:
"The court charges the jury that contributory negligence, no matter how slight, which proximately contributed to the injury resulting in the death of Mr. Parker is a complete defense in this action, and if you are reasonably satisfied from all the evidence in this case that Mr. Parker was guilty of some negligence in failing to exercise reasonable or ordinary care to avoid the injury ... [and] such failure proximately contributed to his injury in the slightest degree, then your verdict should be for the defendant...."
289 Ala. at 469, 268 So.2d at 747-48.
This Court reversed the defendant's judgment in Parker, stating:
"[T]he charge complained of here states that the slightest contributory negligence bars a recovery. Thus, any lack of ordinary or reasonable care, however slight, would foreclose recovery, even though the specific acts of contributory negligence charged were not proved." 289 Ala. at 470, 268 So.2d at 749. The Court added, "[I]t is only that negligence which is pleaded which can defeat a recovery by plaintiff and not some proximate contributory negligence which is not specially pleaded," 289 Ala. at 470, 268 So.2d at 749. The Court in Parker held that the use of the term "no matter how slight," particularly when coupled with the phrase "some negligence in failing to exercise reasonable... care," improperly allowed the jury to base a verdict on something other than the "specific acts of contributory negligence charged," when that specifically charged contributory negligence may not have been proven. The Court in Parker relied upon its earlier similar holding in Preston v. LaSalle Apartments, Inc., 241 Ala. 540, 3 So.2d 411 (1941).
In Parker, after pointing out the error in the charge, the Court held that the trial court's oral charge to the jury did not "correct error in the giving of an erroneous and prejudicial written charge." 289 Ala. at 471, 268 So.2d at 749.
In the case cited by plaintiff Bohannon at trial, Hamilton v. Kinsey, 337 So.2d 344 (Ala.1976), the trial court had given the following charge in a case that, like the present case, involved a passenger-plaintiff and questions of "imputed negligence" and "contributory negligence":
"[I]f you are reasonably satisfied from the evidence in this case that Benjamin L. Hamilton was guilty of negligence and that his negligence proximately contributed to the accident of which he complains, even in the slightest degree, then Benjamin L. Hamilton cannot recover under his first claim."
337 So.2d at 345 (emphasis added). In the body of the Hamilton opinion, this Court indicated that the charge was "properly" or "correctly given." 337 So.2d at 345, 346. However, we specifically noted in the opinion that the plaintiff's objection to the charge "was limited to the principle of imputed negligence and did not extend to the principle of passenger negligence." 337 So.2d at 345.
Significantly, in Hamilton we added a footnote to the "slightest degree" language *1318 of the trial court's charge on contributory negligence. That footnote read as follows:
"The term `slightest degree' should not be used in a charge on contributory negligence. The charge found in Alabama Pattern Jury [Instructions], § 21.03, p. 297, should be used where defendant raises contributory negligence in his answer."
337 So.2d at 345. From that portion of the trial transcript quoted earlier in this opinion, it is clear that this footnote in Hamilton was the basis of Mr. Brunson's objection at trial, and it is clear that the trial judge understood that objection; it is also clear that the trial judge felt that in Hamilton only our "footnote"and not our "opinion" itselftreated the "slightest degree" language as "not a good charge."
We now state unequivocally in this opinion what Hamilton said in the footnote: The term "slightest degree" should not be used in a charge on contributory negligence. That is not to say, however, that its use must necessarily, in every case, call for a reversal, andassuming, arguendo, that its use was errorit does not call for reversal in this case.
First, we point out that Rule 51, Ala.R.Civ.P., "treats the entire [jury] charge as a single entity" and that "When testing the validity of any of its parts, including `given' written requested charges, we must now look to the whole of the court's charge." Alabama Power Co. v. Tatum, 293 Ala. 500, 504, 306 So.2d 251, 254 (1975). See also, Angus v. Liberty National Life Ins. Co., 457 So.2d 971 (Ala. 1984), and Rule 51 Committee Comments. "[Looking] to the whole of the court's charge" in this case, we find that the trial court, before using the objectionable "slightest degree" language, had twice defined and explained contributory negligence and had done so correctly.
Second, we point out that when the trial court did use the objectionable language, it was after the jury had returned from its deliberations and asked the question whether it might take into account whether "one negligence [might be] greater than another negligence." We must read the trial judge's response in the context in which it was given. The question about "comparative negligence," i.e., whether one party's negligence might be "greater than another negligence," presupposed the negligence of both parties. In its context we read the responsethat the "slightest bit of contributory negligence is a complete defense to negligence on behalf of the defendant"as merely an instruction that the jury was not to attempt to "weigh" or compare the seriousness of the negligence of one party against the negligence of the other, if it in fact found both parties to have been negligent in such a way as to proximately cause the plaintiff's injuries.
We also point out that in this case the improper language came in an oral charge, not a written charge. Although under Rule 51 we give no particular prominence to written charges, that was not the case under our pre-Rule 51 procedure. Rule 51, Ala.R.Civ.P., Committee Comments. Thus, in Parker v. Williams, supra, this Court, in reversing because of the same incorrect charge, particularly noted that it could not consider the giving of the improper written charge to have been overcome by the giving of proper oral charges. It thus appears that even if the erroneous instruction in this case had been a written one, even so, this would be a much less compelling case for reversal than Parker, given the new policy of Rule 51.
Under the totality of the circumstances in this case and "look[ing] to the whole of the court's charge," Alabama Power Co. v. Tatum, supra, we find no reasonable likelihood that the jury might have been misled by the trial court's "slightest degree" language. Considering that charge as error, we consider it to have been "error without injury." It does not appear, "after an examination of the entire cause, ... that the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Ala.R.App.P.
AFFIRMED.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., concur.
*1319 BEATTY and ADAMS, JJ., concur in the result.
JONES, ALMON and SHORES, JJ., dissent.
JONES, Justice (dissenting).
I respectfully dissent.
To condone the phrase "negligence in the slightest degree" or "the slightest bit of negligence" is to create a new rule of tort law to the effect that simple negligence comes in two varieties: 1) simple negligencethe same variety with which the defendant is charged; and 2) a lesser degree of negligence, when applied to the defense of contributory negligence, known as "slightest degree or slightest bit." Apparently, this opinion takes the most recently enacted so-called "tort reform act," which abolishes the "scintilla of evidence" rule, and, through the magical application of the "error without injury" doctrine, transforms it so as to create a "scintilla of negligence" rule (to be applied, of course, only in the context of contributory negligence).
Would anyone seriously argue that a plaintiff, in a non-contributory negligence context, is entitled to a charge that he need only meet the burden of proving that his injuries were the proximate result of a defendant's slightest degree of negligence? A defendant is either found guilty of "simple negligence," as that term is defined, or else a plaintiff fails to prove his case. Under a contributory negligence defense, a plaintiff is either guilty of negligence that proximately contributes to cause his injury, or else a defendant (assuming his primary negligence) fails to prove his defense. There are no degrees of simple negligence known to the law of torts. A little bit of simple negligence is as oxymoronic as being a little bit pregnant.
Consider the peculiar context in which the trial court was asked to explain the difference between contributory and comparative negligence, and then suppose the trial court had instructed the jury to the effect that the plaintiff's negligence, if any, which proximately contributed, in whatever degree, to his own injury, would be a complete defense. In that event, I would agree that this would be a more difficult problem. (To be sure, this, essentially, is the appellee's argument in this case.) The problem here, however, is that the specific charge objected to speaks of "the slightest bit of contributory negligence" and not of "the plaintiff's intestate's negligence which proximately contributed, in the slightest degree, to his injuries and resulting death."
I consider the error so serious that it cannot be dismissed as "error without injury."
ALMON and SHORES, JJ., concur.