Stephen M. Joseph was injured when his pick-up truck collided with the automobile driven by Eugene Staggs, Jr., in downtown Birmingham. Joseph charged Staggs with negligence and wantonness in the operation of his automobile. The case was tried to a jury, which, subsequent to the entry of a directed verdict in favor of Staggs on the "wanton" count, returned a verdict for Staggs on the negligence count. The trial court denied Joseph's motion for new trial; he now appeals, claiming that the trial court erred in directing a verdict on wantonness and in instructing the jury on loss of future earnings, earning capacity, and contributory negligence.
 The Directed Verdict Issue
Our "directed verdict" standard of review requires that we summarize the facts most favorable to Joseph. Ott v. Fox,362 So.2d 836 (Ala. 1978). Both parties attended public functions at the Birmingham-Jefferson Civic Center on the night of the accident. Upon leaving the civic center, Joseph was traveling west on Sixth Avenue North, and Staggs was traveling north on 21st Street, when their vehicles collided in the intersection of the two streets. According to Joseph and a passenger riding with him, Joseph entered the intersection on a green signal light, and Staggs's vehicle, traveling at a speed in excess of the posted speed limit, struck Joseph's truck as Joseph passed through the intersection. Staggs testified that he entered the intersection *Page 954 
with the green light, and that he did not see Joseph's vehicle until the moment before impact.
The proper standard of review of a directed verdict is an objective "sufficiency of the evidence" test:
 "There are only two situations in which a directed verdict is proper: (1) where there is no scintilla of evidence to support an element essential to the claim or (2) where there is no disputed issue of fact upon which reasonable men could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala. 1981). A directed verdict is appropriate in the second situation only 'if the facts and inferences point so strongly and overwhelmingly in one party's favor that reasonable persons could only arrive at one verdict.' Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981)."
Osborn v. Johns, 468 So.2d 103, 111 (Ala. 1985).
Evidence sufficient to defeat a directed verdict motion under the objective test is any evidence, furnished either by direct evidence or by a legitimate inference therefrom, which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought. Deaton, Inc.v. Burroughs, 456 So.2d 771, 775 (Ala. 1984); and Whaley v.Lawing, 352 So.2d 1090 (Ala. 1977), citing Kilcrease v. Harris,288 Ala. 245, 251, 259 So.2d 797, 801 (1972). The appellate court, in reviewing a motion for directed verdict, "view[s] the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the nonmoving party." Thomaston v. Thomaston, 468 So.2d 116 (Ala. 1985).
The question of wantonness must be determined by the facts and circumstances of each case. Pate v. Sunset Funeral Home,465 So.2d 347, 348 (Ala. 1984). Therefore, in order for the trier of fact to find a party guilty of wanton conduct, the charging party must show that, with reckless indifference to the consequences, the opposing party consciously and intentionally did some wrongful act or omitted some known duty with knowledge of the existing conditions, and that this act or omission produced the injury complained of. Brown v. Turner,497 So.2d 1119 (Ala. 1986).
It is not required, however, that the actor know that a person is within the zone made dangerous by his conduct; it is enough that he knows a strong possibility exists that others may rightfully come within the zone. Restatement(Second) of Torts § 500 comment d (1965). Such knowledge need not be shown by direct evidence, but may be proved by showing circumstances from which the fact or knowledge is a reasonable inference.
We emphasize that "wantonness" does not require any intent to injure another:
 "The concept is, of course, universal that to constitute wantonness it is not essential that the defendant should have entertained a specific design or intent to injure the plaintiff. A wilful or intentional act may not necessarily be involved in wantonness. It may consist of an inadvertent failure to act by a person with knowledge that someone is probably imperiled and the act or failure to act is in reckless disregard of the consequences. Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 461, 28 So.2d 193."
McNickle v. Stripling, 259 Ala. 576 at 578, 67 So.2d 832 at 833 (1953).
Thus, "intentionally" as a part of the definition of wantonness speaks to the nature of the act from which the wanton misconduct arises. The definition does not require that the act be done with a conscious intent to injure, but states that to "come within the definition of wanton misconduct the act must be done 'consciously and intentionally.' " Roe v. Lewis, 416 So.2d 750 (Ala. 1982).
We conclude that the facts of this case, when viewed in a light most favorable to Joseph, present no evidence from which the factfinder can reasonably infer the requisite elements of wantonness on the part of Staggs. The case, in sum, is one that asks, "Whose fault was the accident?" Joseph offered testimony that he entered the *Page 955 
intersection with the green signal, that Staggs was traveling above the posted speed limit, and that Staggs did not see Joseph's vehicle until the moment before impact. Staggs then offered testimony that he entered the intersection with the green signal and was not traveling above the speed limit, and that Joseph may have been traveling above the speed limit.
Joseph failed to present evidence from which the jury could have inferred that Staggs, with reckless indifference to the consequences, consciously and intentionally exceeded the speed limit and failed to keep a reasonable look-out upon approaching the intersection and that such failure resulted in the collision and injury to Joseph. In other words, Joseph failed to present evidence to elevate the case from one of determining simple negligence in an automobile accident to one of determining whether Staggs's conduct constituted wanton misconduct. For a case holding the evidence sufficient to go to the jury on wantonness, see Weatherly v. Hunter,510 So.2d 151 (Ala. 1987).
 The Jury Instruction Issue
Joseph also challenges the trial court's jury instructions on two points: First, that the failure of the court to give his requested charge on future earnings and earning capacity prejudiced his case before the jury; and, second, that the court's charge on contributory negligence prejudiced his case before the jury.
Joseph maintains that the court's charge to the jury on future earnings and earning capacity confused the jury and led it to believe that, because at the time of trial he was receiving substantially the same income as before the accident, there was no evidence that he suffered a loss of earning capacity. Assuming, however, "that the trial judge erred in failing to instruct the jury as [Joseph] requested, because the alleged error concerns the measure of damages and because the jury's verdict was in favor of [Staggs], the action of the trial judge, if error, was harmless." Hayes v.Newton Bros. Lumber Co., 481 So.2d 1123 (Ala. 1985), citingMcCullough v. L. N.R.R., 396 So.2d 683, 685 (Ala. 1981), andGraves v. Wildsmith, 278 Ala. 228, 177 So.2d 448 (1965).[1]
Even had the verdict been in favor of Joseph, we do not believe any error is shown in the court's charge. "An oral charge must be considered as a whole, and if the entire charge states the law correctly, then no reversible error has been committed even though when considered alone a single part of the charge might be considered erroneous." Murray v.Alabama Power Co., 413 So.2d 1109 (Ala. 1982). See, also,Alabama Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975). Thus, where no error occurs in giving a jury *Page 956 
instruction, its prejudicial effect, vel non, is no longer a pertinent inquiry. Underwriters Nat'l Assur. Co. v. Posey,333 So.2d 815 (Ala. 1976).
In regard to the court's charge on contributory negligence, Joseph maintains that the trial court's failure to repeat the words "proximately contributed" in the second portion of the charge was improper and prejudicial.[2] Joseph failed, however, to timely object to the charge before the jury retired, thus obviating our consideration of the merits of his objection on appeal. Rule 51, A.R.Civ.P., states, "[N]o party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict." Because Joseph failed to make a timely objection, there is nothing for this Court to review on the contributory negligence charge. Hancockv. City of Montgomery, 428 So.2d 29 (Ala. 1983).
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Joseph requested the trial court to instruct the jury as follows:
 "In arriving at the amount of your award for any loss of future earnings or earning capacity, you should consider what the plaintiff's health, physical ability and earning power or capacity were before the accident and what they are now; the nature and extent of his injuries, and whether or not they are reasonably certain to be permanent; or if not permanent, the extent of their duration; all to the end of determining, first, the effect, if any, of his injury upon his future earnings or earning capacity, and second, the present cash value of any loss of future earnings or earning capacity which you are reasonably satisfied from the evidence in the case that plaintiff is reasonably certain to suffer in the future, as a proximate result of the injury in question.
 " 'Present cash value' means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal such earnings at the time in the future when these earnings would have been received."
The trial court refused to give the requested instruction, but did, in its oral charge, state the following:
 "Plaintiff claims an award for future lost earnings. In that sense, you should consider the same elements I have just discussed with you; in short, his earning hours, the nature and extent of his injuries, whether or not they are permanent, whether or not they were reasonably certain to cause him to lose future earnings; all to the end of determining the effect, if any, of the injury upon the plaintiff's future earnings or earning capacity and, secondly, the present cash value of any lost future earnings or earning capacity that you are reasonably satisfied that the plaintiff is reasonably certain to lose in the future."
[2] We note that the contributory negligence charge given by the trial court includes the phrase "negligence in any degree" — language condemned in Bohannon v, Driskell, 519 So.2d 1314
(Ala. 1988). For a correct charge on contributory negligence, see Ala. Pattern Jury Instructions: Civil §§ 30.00, -.01, -.02.