186 So. 476

CLIFT et al. v. DONEGAN.

8 Div. 948.

Supreme Court of Alabama.

Jan. 19, 1939.

Rehearing Denied Feb. 16, 1939.

Taylor & Taylor and Robt. K. Bell, all of Huntsville, for appellants.

Watts & White, of Huntsville, for appellee.

306

BOULDIN, Justice.

Action for personal injuries, and property damage resulting from a collision of motor vehicles on a public highway.

Plaintiff, Mattie Donegan, was driving her own automobile. Defendant, Henry Whitaker, was driving a truck in the opposite direction. In passing each other at night the extended body of the truck came in contact with the left-hand side of the body of the automobile, inflicting the injuries complained of.

Frank Clift, the owner of the truck, was joined as party defendant.

In count one his liability is predicated on the doctrine of respondeat superior.

A question is here presented on the refusal of the affirmative charge in behalf of Frank Clift, as to count one.

Without dispute he was the owner of the truck. Henry Whitaker was in his employ in general farming operation; had the possession and control of the truck for use in such employment, including operation on the highways at night; had the duty to look after repairs on the truck and was under instructions to take the truck to a garage in Huntsville for repairs at the owner's expense. He was permitted to use the truck on missions of his own wholly outside the line and scope of employment.

Defendants' theory is that on the occasion in question Whitaker had driven the truck from the farm into Huntsville to transport himself and wife to attend a movie theater in Huntsville. The collision occurred on the return trip from Huntsville to their home on the farm. If this was the sole objective of the trip, as defendants insist, then admittedly Whitaker was not in the line and scope of his employment, and the owner of the truck was not liable for his negligence in the operation of the truck.

■ Upon a careful consideration of the whole record we conclude there was some evidence tending to support the view that this was not the sole objective of this trip to Huntsville. If one objective was to have repairs made on the truck, this was within the line and scope of employment, and the fact that advantage was also taken to accomplish a personal mission of the driver, attendance at the movie theater, would not take the operation of the truck without the line and scope of employment. Whether it was on this trip,

or another occasion on the same day, that he took the truck to the garage and had repairs made thereon was a jury question under the whole evidence.

Count four charges negligence of both owner and driver in operating a motor vehicle on the highway at night without clearance lights required by the law of the road.

Highway Code, § 91 (e), Acts 1927, pp. 383, 384, provides that motor vehicles, having a width at any part in excess of eighty inches shall carry two clearance lamps on the left side of such vehicle, one located at the front and displaying a white light visible under normal atmospheric conditions from a distance of 500 feet in front of the vehicle. A violation of this regulation is made a misdemeanor. § 91 (h).

■ An obvious purpose of this rule is to minimize the hazards to vehicles approaching from the opposite direction growing out of the extra zone covered by a vehicle of extra width.

Admittedly the flat body of this truck was 7 feet 4 inches, 88 inches in width. It did not carry the front clearance light on the left.

■ Both owner and driver are under the duty imposed by the above statute if the vehicle is operated on the highways at night with their knowledge and consent. A violation constitutes negligence.

■ Whether the particular accident, a collision of this extended body of the truck, with the left-hand side of the passing automobile, was attributable to a violation of this law as a proximate cause of the injury, was a question for the jury.

A reversal is asked for denial of a motion for new trial on behalf of Mr. Clift on the ground that it was plainly and palpably wrong and unjust, in that it was opposed to the great weight of the evidence.

This insistence is directed mainly to count one. The weight of the evidence on the question of whether the driver was acting within the line and scope of his employment, or on a mission solely personal, is the point stressed in argument.

■ If that were the sole issue, we are not disposed to hold the court below in error, in view of the presumption properly indulged in favor of the jury's verdict.

■ But, if we were so convinced, the sufficiency of the evidence to support a verdict under the fourth count must in our opinion be sustained.

■ Admittedly the question of negligence of the driver in operating the vehicle at the time, and of contributory negligence on the part of plaintiff, were for the jury.

Affirmed.

GARDNER, THOMAS and FOSTER, JJ., concur.