167 So.2d 711

**Forrest H. JAMES, Jr.,**

**v.**

**LAIDLAW CONTRACTING COM-PANY, Inc., et al.**

**I Div. 180.**

Supreme Court of Alabama.

Sept. 24, 1964.

Hardy B. Smith, of Gaillard, Wilkins, Smith & Green, Mobile, for appellant.

W. B. Hand and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellees.

HARWOOD, Justice.

In the suit below the plaintiff sought to recover damages growing out of the breach of an alleged verbal contract. The defendants were Laidlaw Contracting Company, Inc., a Corporation, Wolf Ridge Contracting Company, a Corporation, J. W. Laidlaw, doing business as Laidlaw Contracting Company, and J. W. Laidlaw, individually.

The complaint was originally filed on 6 July 1961, and contained three counts. Count 1, was a common count in code form and claimed for work and labor done. Count 2 was a common count in code form and claimed money due by account. Count 3 was a special count alleging the particulars of the breach of the verbal agreement between the plaintiff and the defendants.

The defendants' demurrers to the complaint were sustained on 27 October 1961.

Thereafter amendments were filed to the complaint and demurrers were sustained to the amended complaint several times, and the process of pleading continued on

until 13 February 1963, when the plaintiff again amended his complaint by eliminating two special counts, and by leaving in force counts 1 and 2, the two common counts as originally filed.

The defendants then filed two pleas, number one being the general issue, and the other being a denial of liability which in effect was also a plea of the general issue.

The issue was thus joined.

After trial the jury returned a verdict in favor of the defendants, the court having given the affirmative charge in respect to Wolf Ridge Contracting Company.

Judgment was entered pursuant to the verdict, and the plaintiff below has perfected this appeal from such judgment.

Appellant's assignments of error numbers 1, 2, 3, 4, and 5 assert as error the lower court's action in sustaining the demurrers to the complaint as originally filed, and as altered by the various amendments.

■ Without considering the special counts set forth in the recurrent amendments, it is of course clear that the lower court erred in sustaining the demurrers to the common counts. However, the appellant by his final amendment eliminated the two special counts of the complaint but left intact the two common counts as originally filed. As before stated the issue was joined on these two common counts. Thus any error resulting from the court's prior sustaining of the demurrers to these two common counts was nullified. The plaintiiff cannot now complain of the ruling on demurrers to pleadings which he himself voluntarily abandoned by his final amendment to the complaint. Stephenson et al. v. Parsons et al., 6 Ala.App. 615, 60 So. 592.

■ The evidence introduced by the plaintiff below tends to show that on 8 April 1960, the plaintiff and J. W. Laidlaw entered into a verbal agreement whereby the plaintiff was to perform services as general superintendent of Laidlaw's construction operations of eight miles of interstate highway north of Atmore, for which the plaintiff was to receive a salary of $150 per week, and 10% of the profits on the Atmore job before taxes. A written memorandum of the terms of this verbal contract, accompanied by an agreed equipment rental schedule showing agreed rentals on various types of earth moving equipment owned by Laidlaw individually, or one of his subsidiary companies or businesses, was made.

In October 1960, the Atmore construction job was "sold" and Laidlaw's connection with this project, and that of his subsidiary companies, was ended.

The plaintiff's testimony as to the profits he contends were made by Laidlaw was lengthy and involved considerable cost accounting as to machine rentals, etc. No purpose would be served by setting this evidence forth, other than to summarize by saying that under his evidence it was plaintiff's contention that a profit of between $40,000 and $45,000 was realized on the Atmore project.

We might note here that the evidence offered by the defendants tended to show that not only was no profit made on the Atmore project, but actually the operation resulted in a loss.

Laidlaw testified he had informed James that he did not think any profits would accrue from the Atmore job.

The plaintiff further testified that after the completion of the Atmore job he and Laidlaw agreed that he would be general superintendent of all of Laidlaw's affiliated companies, and be paid on the same basis as he was paid on the Atmore job.

James testified as to various construction jobs performed in and around Mobile by various of Laidlaw's companies or businesses, and estimated this work involved contracts of around $250,000, and estimated the profits on these operations at $45,000.

In this connection Laidlaw testified that after completion of the Atmore job he had

told James that since there were no more big jobs, he could continue temporarily in his employ in Mobile if he wanted to at a salary of $150 per week, and Laidlaw denied any agreement to pay James any percentage of any profits on any jobs other than the Atmore job.

All in all only a question of fact was presented by the testimony in this aspect. By their verdict the jury indicated it had resolved all such questions in favor of Laidlaw.

Appellant's assignment of error No. 6 relates to the court's action in denying appellant's motion, filed 28 February 1963, that the court enter an order requiring the appellees to produce all records pertaining to the Atmore job and some ten other projects or jobs performed by the appellees in and around Mobile. After a hearing and argument by counsel this motion to produce was denied by the court.

■ The motion in no wise limited the records called for to the time during which the appellant was employed by the appellees, but was a scatter load request for the production of all of appellee's records on some eleven projects. Clearly, unless limited to the time of appellant's employment, such records would be immaterial to the issues. This in itself would have authorized the denial of appellant's motion to produce.

Further, both Sections 426 and 487, Title 7, Code of Alabama 1940, pertaining to the production of records, provide that the court *may* on motion require such production.

The record shows that a hearing was had upon appellant's motion to produce. No transcript of this proceeding appears in the record. We are therefore without any basis to conclude that the court erred in denying the motion.

Assignment of error No. 7 asserts error in the action of the court in granting appellee's motion to suppress a subpoena duces tecum issued to Frank Weatherford to produce certain records in his possession.

It appears that on the night before the trial of this case was set to begin the next morning, a subpoena duces tecum was served upon Frank Weatherford requiring him to bring certain documents with him to the trial. Weatherford and the appellees filed, the next morning, a motion to quash the subpoena duces tecum.

After hearing and argument the court granted the motion to quash. Again, no transcription of the evidence or arguments produced or had at the hearing appears in the record. We do not find the subpoena duces tecum itself in the record. We have no way of knowing what documents were listed in the subpoena. No basis exists for reviewing the action of the trial court in the premises.

Assignments of error Nos. 8 and 9 assert as error the action of the lower court in giving the affirmative charge with hypothesis (Assignment No. 8), and without hypothesis (Assignment No. 9), in favor of the defendant Wolf Ridge Contracting Company.

The only evidence in the record relating to Wolf Ridge consists of the answer of appellant James when testifying as to the jobs done in and around Mobile by Laidlaw or his subsidiary companies. He mentioned some eleven projects, and when asked who did the Japonica Lane job, he replied, "Wolf Ridge, I think."

■ There was no evidence tending to show the nature of the Japonica Lane job, or if any profits were made therefrom. At the most this faint evidence constituted a mere scintilla of evidence, as to the existence of a contract to pay ten percent of any profits realized, when considered with the other evidence. The verbal contract was with J. W. Laidlaw. Under the evidence presented the jury found that no payments above the $150 per week salary, admittedly paid in full, was due. If Laidlaw was not liable in the jury's view, it would

be torturing the probable to conclude that the jury would have found the subsidiary Wolf Ridge liable on this meagre evidence when it did not so find Laidlaw, the primary obligor. While technically the court may have erred in giving the affirmative charges in favor of Wolf Ridge, we are clear to the conclusion that the appellant was not probably injured in any substantial right, and are unwilling to base a reversal of this judgment on Assignments Nos. 8 and 9. Supreme Court Rule 45.

Assignments of error Nos. 10 and 11, relate to appellee's given charges 12 and 13. Charge 12 instructed the jury that it could not base a verdict for the plaintiff on conjecture, speculation, or surmise. Charge 13 was to the same effect as to the existence of profits earned, and further instructed the jury that the plaintiff must reasonably satisfy the jury from the facts that profits were earned.

These charges set forth basic principles of law, and we find no error in giving them to the jury. Aircraft Sales and Service v. Bramlett, 254 Ala. 588, 49 So.2d 144.

These charges did not, as argued by counsel for appellant, increase the degree of proof required by the plaintiff. They merely negative surmise, conjecture, and speculation as a basis for a verdict. The degree of proof, that is satisfaction of the jury by the evidence, is unaffected by them, and the jury was fully instructed by the court in this regard.

Assignment of error No. 12 pertains to the action of the court in sustaining appellee's objection to the following question propounded to the witness Gordon Fowler: "Did you find him hard working?"

Fowler was sales manager for Burford-Toothaker during the time James was employed there, prior to his employment by Laidlaw.

As to whether James was hard working during this prior employment was immaterial to the issues of this case, and the objection was properly sustained.

Assignment of error 13 asserts error in the sustaining of appellee's objection to the following question addressed to the witness George A. Ganey, a job superintendant for Laidlaw: "Were you familiar with the equipment that Mr. Laidlaw and his various companies owned and operated, during that period of time?"

The period of time referred to was the period of the Atmore job.

The generality of the above question renders it faulty. Only the equipment used on the Atmore job by the named defendants could have shed light on the issues. No error therefore resulted in the ruling complained of in Assignment 13.

Assignment of error 14 relates to the action of the court in granting appellee's motion to strike Ganey's answer to the following question:

"Q. Did he do a good job?

"A. To my knowledge he did."

The defense was cast entirely upon the theory that no profit was made on the Atmore job, and that James' employment after the Atmore job was on a straight salary of $150 per week. James' competency in his work was not questioned. In fact Ganey did testify that he had frequent opportunities to observe James' work, and that he got along fine with James, as did the other men on the job, and there was never one bit of trouble with James. Implicit in this testimony is that James' work was satisfactory. The answer excluded related to an uncontradicted matter, and the appellant could not probably have been injured in any substantial right in the court's ruling which is the subject of Assignment of error 14.

Assignment of error No. 15 asserts as error the overruling of appellant's objection to appellee's Exhibit C.

This exhibit has been misplaced and was not included in the record. This be-

ing so the ruling of the court below in connection with the admission of this exhibit is not reviewable. Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131.

This judgment is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.