299 So.2d 226

**Jervis Howard CLARK, a minor, et al.**

v.

**Jefferson E. SMITH and W. R. Mitchell, Contractor, Inc., a corporation.**

**Howard G. CLARK**

v.

**Jefferson E. SMITH and W. R. Mitchell, Contractor, Inc., a corporation.**

**SC 375, 775.**

Supreme Court of Alabama.

Aug. 15, 1974.

Cunningham, Bounds & Byrd, Mobile, for appellants.

Cooper C. Thurber and G. Sage Lyons, Mobile, for appellees.

HARWOOD, Justice.

Turner Road, a four lane street in Pritchard, Alabama, runs roughly east and west. Shortly before daybreak on the morning of 13 October 1970, Jervis Howard Clark, a paper carrier was traveling on his motorcycle eastwardly on Turner Road. Jefferson Smith, an employee of W. R. Mitchell, Inc., acting in the ·course of his employment, was driving a truck owned by Mitchell in a westwardly direction. A collision occurred between the motorcycle and the truck. Young Clark received serious injuries in the collision.

Jervis Howard Clark, by and through his father Howard Clark, filed a suit seeking damages of $150,000.00 from Jefferson Smith and Mitchell Contracting Co., Inc., because of the alleged negligence of Smith in the operation of the truck. Originally Claude W. Nordan was also named as a defendant, but Nordan was later eliminated as a defendant.

Howard G. Clark, father of Jervis Howard Clark, also filed a derivative suit against Jefferson Smith and W. R. Mitchell Contractor, Inc., seeking damages in the amount of $10,000.00 for medical expenses incurred in behalf of his son, and for loss of his son's services.

The defendants filed pleas of the general issue, and also pleas of contributory negligence in each suit. The cases were consolidated for trial.

A jury trial resulted in a verdict for the defendants in each case. The plaintiffs' respective motions for new trials being overruled, appeals were thereafter perfected in each case, the minor's case to this court, and the father's case to the Court of Civil Appeals. By proper orders, the derivative suit of the father was transferred from the Court of Civil Appeals to this court, a decision in the minor's suit being dispositive of the father's derivative suit, and the appeals were consolidated.

The plea of contributory negligence filed in the minor's suit was as follows:

"For further answer to the plaintiff's Complaint, this defendant says that at the time and place complained of in the plaintiff's Complaint, to wit: October 13, 1970 on Turner Road at a point thereon, to wit: 100 feet east of its intersection with Rawls Lane, the plaintiff himself so negligently operated a motor bike so as to cause or allow said motor bike to then and there collide with a motor vehicle being operated by Jefferson E. Smith and as a proximate result of the plaintiff's negligence, as aforesaid, the plaintiff proximately contributed to his own injuries and damages; hence plaintiff ought not to recover."

The plea of contributory negligence filed in the father's suit was to the same effect, but with phraseology making the plea appropriate in the father's suit.

None of the witnesses presented by the plaintiffs, other than Jervis Howard Clark, were eye witnesses to the collision. They arrived at the scene a few minutes after the accident. Their testimony was to the effect that at the time of their arrival they saw young Clark, his motorcycle, gasoline, and the papers he was carrying, on the side of the street for east bound traffic, i. e., in Clark's lane.

Jervis Howard Clark testified he was 15 years of age at the time of the accident. He was traveling in the east bound lane, having just turned into Turner Road. He did not observe any approaching traffic at this time, but after having ridden a short distance in the inside east lane, he suddenly saw headlights approaching him about 20 feet away. He swerved in an attempt to avoid a collision but his efforts were unsuccessful.

On cross-examination, Clark denied he had collided with more than one vehicle at the time of the accident.

The evidence presented by the defendants in the trial below was to the effect that on the morning of the accident Jefferson Smith and Claude Nordan had left Nordan's home at the same time. Nordan was driving his own automobile and Smith followed in the Mitchell truck. As they drove westwardly on Turner Road, they were in the inside west lane, Nordan being about four car lengths in front of the truck. Nordan testified that Jervis Howard Clark crossed over the center line on his motorcycle and "clipped" the rear of his automobile. While he heard the impact the damage to his automobile was slight. He looked in his rear view mirror and saw Jervis Howard Clark collide with the truck. The truck was in the westbound lane at the time of the impact.

The defendant Smith testified he first saw the motorcycle when Nordan cut to the right and the motorcycle struck the rear of Nordan's automobile. Smith stated he also cut to his right but that the motorcycle continued coming and struck his truck when it was in the center of the westbound lane.

Officer Daniel L. Goldman who investigated the accident testified that three vehicles were involved. He found Nordan's automobile, the truck, and the motorcycle at the scene. The left rear fender of Nordan's automobile had been damaged, the truck's left front fender was damaged, and Jervis Howard Clark's motorcycle was wrecked. From the location of glass, debris, and the way Smith "had cut off the road" it was Goldman's opinion that the point of impact was in the north [outside] lane of the westbound lane of Turner Road.

As the only points argued in brief pertain to certain written charges given at the request of the defendants, we think the above a sufficient statement of the facts for the purpose of this review.

Since the plaintiffs and the defendants occupy the same position in these appeals as they did below, we will hereinafter refer to the parties as plaintiffs and defendants.

Under assignments of error 2 and 6 the plaintiffs argue that the court erred in giving at the request of the defendants two charges pertaining to contributory negligence, that is, defendants' requested charges 11 and 16.

We will set out only charge 16, since charge 11 was in our opinion to the same effect as charge 16.

Defendants' requested charge 16 reads:

"I charge you ladies and gentlemen of the jury, that if you are reasonably satisfied from the evidence that Jervis Howard Clark was guilty of any negligence which proximately contributed to the alleged injuries and damages, even in the slightest degree, then you cannot return

a verdict in favor of the plaintiff, Jervis Howard Clark."

It is the contention of the plaintiffs that these charges were erroneously given for the reason that:

"The plea of defendants in this case charges the specific act of negligently operating a motorbike so as to cause or allow it to collide with the defendant's truck, but the written charges complained of are not limited to acts of negligence that cause or allow the bike to collide with the truck."

Counsel then cites a number of cases holding that the giving of an instruction as to contributory negligence which was not phrased in the particular terms of the contributory negligence as set forth in the plea, constituted error.

However, each and every case cited by counsel for the plaintiff in this connection was decided prior to the first Monday in October 1942, the date on which Rule 37, as set out below became effective.

Rule 37 of the Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction, to be found in Title 7, Code of Alabama 1940, reads:

*"Pleading contributory negligence.*— In pleading contributory · negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence. A plea of contributory negligence shall be interpreted as charging contributory negligence subsequent to discovery of peril to the same extent that an averment of negligence in a complaint, of the same tenor as the averment of contributory negligence."

In Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200, decided in 1951, the court gave at the request of the defendant the following charge as to contributory negligence:

"If you are reasonably satisfied from the evidence in this case that plaintiff was himself guilty of negligence which proximately contributed to cause his injuries and damages on the occasion complained of, you cannot return a verdict for the plaintiff under count A of the complaint."

Count A was a simple negligence count, as is the count in the present case.

Verdict and judgment in the above mentioned case was for the defendant. However, the plaintiff's motion for a new trial was granted, and the defendant appealed. This court held that the trial court's action in granting the motion for a new trial was not justified, and its judgment was reversed and the original judgment was reinstated, and the cause was rendered. In discussing the effect of Rule 37, this court wrote:

"It is well settled by the decisions of our Court prior to Rule 37 that no acts of contributory negligence, not specially pleaded, can be proved or made the predicate for a verdict for the negligent party. Central of · Georgia R.R. Co. v. Pope, 221 Ala. 145, 127 So. 835; Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239; Byars v. Hollimon, 228 Ala. 494, 153 So. 748.

"Our Rule of Practice 37, Code 1940, Tit. 7, Appendix, in the circuit court of law, has simplified pleading contributory negligence. It went into effect on June 18, 1942 (sic). We find the cases which require the plea of contributory negligence to specially plead the facts upon which the negligence is predicated is thereby changed so that in such pleading 'no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the

acts, omissions, conduct or behavior relied on as constituting negligence.' "

■ The pleas of contributory negligence filed in the present case meet these requirements. The plea alleges in general terms only that "the plaintiff himself so negligently operated a motor bike so as to cause or allow said motor bike to then and there collide with a motor vehicle being operated by Jefferson E. Smith, and a proximate result of the defendant's negligence * * *" This is only a general government of the alleged contributory negligence and does not allege any specific acts of negligence. In fact, in the complaint it is alleged in general terms that the defendant " * * * negligently operated a motor vehicle on Turner Road * * * so as to cause said motor vehicle to collide with a motor bike which plaintiff was operating * * *"

In Parker v. Williams, 289 Ala. 466, 268 So.2d 746, the court seems to have relied on Preston v. LaSalle Apartments, 241 Ala. 540, 3 So.2d 411, which was decided prior to Rule 37. However, the ratio decidendi in this instance resulted from the fact that some five specific actions by the plaintiffs intestate constituting his alleged contributory negligence were set forth in the contributory negligence plea. The court also noted in Footnote 1, at page 470, 268 So.2d at page 749 of *Parker* that: "The effect, if any, of Rule 37 is not made an issue here." Under these conditions the court held that the plea of contributory negligence having been alleged in several specific and particular terms, the giving of a charge on contributory negligence in general terms constituted error. These factors being absent in the present case, we do not consider *Parker* of influence to our determination of the question presented in the present case.

In the present case the effect of Rule 37 is vigorously argued in brief of the defendants, and is presented clearly for consideration.

We find no merit in assignments of error 2 and 6.

Plaintiff's assignment of error No. 9 charges error in the action of the court in giving written charge No. 35 at the request of the defendants which reads:

"The Court charges the jury that if from all the evidence in the case the jury finds that the cause of this accident lies wholly within the realm of *conjecture and doubt,* you cannot return a verdict in favor of the plaintiff, Jervis Howard Clark." (Emphasis ours.)

In Whaley v. Sloss-Sheffield S. and I. Co., 164 Ala. 216, 51 So. 419, the trial court gave the following written charge at the request of the defendant:

"(1) 'If, from all the evidence in this case, the jury find that the cause of the explosion lies wholly within the realm of *conjecture and doubt,* you must find in favor of the defendant.' " (Emphasis ours.)

The tenor of this charge is the same as that now being considered.

In discussing the action of the trial court in giving this charge, the court stated:

"Charge 1, given at defendant's request, was proper. Each count ascribed some cause for the explosion, and, if the particular cause 'lay wholly within the realm of conjecture and *doubt,*' there should not have been a verdict for plaintiff. This was the effect of this instruction, which was proper. It was probably argumentative, but it was not erroneous. The court can give or refuse such charges without committing error.

\* \* \* \* \* \*

" * * * If misleading, it is not, for that reason, necessarily reversible error to give it. this could be cured by an explanatory charge requested by plaintiff. * * *"

On the other hand, in Helton v. Easter, 41 Ala.App. 648, 148 So.2d 486, where a

charge similar to the one now being considered was refused, the Court of Appeals observed:

"The Supreme Court in Whaley said 'The Court can give or refuse such charges without committing error.' "

Counsel for the defendants in his argument under this assignment (No. 9) has cited and relied on Britton v. Doehring, 286 Ala. 498, 242 So.2d 666, and Parker v. Williams et al., 289 Ala. 466, 268 So.2d 746.

In *Britton,* supra, the trial court refused a charge requested by the defendant based on leaving the minds of the jurors in a state of "speculation *or* conjecture at most." The court held that there was no error in refusing the charge. It is to be noted that the charge did not require that the minds of the jurors be left *wholly* in the realm of "conjecture *and* doubt" as did the charge we are now considering. The court simply held that it was not reversible error to refuse the charge considered in *Britton.*

In Parker v. Williams, supra, the pertinent part of the charge insofar as this review is concerned, was:

"If your minds are left in a state of speculation, conjecture, or doubt, then you may not return a verdict against the Defendants * * *"

Such instruction placed the elements of "speculation, conjecture or doubt" in the disjunctive.

In Alabama Great Southern Railroad Co. v. Robinson, 183 Ala. 265, 62 So. 813, the refused charge requested by the defendant instructed the jury to the effect the verdict should be for the defendant if after hearing the evidence their minds should be in a state of *doubt or confusion,* their verdict should be for the defendant.

In holding that such charge was bad and its refusal proper, the court wrote:

"The words 'doubt or confusion' are disjunctive * * * the result is the jury could not, under said charge, find a verdict for the plaintiff if they entertained the slightest doubt as to her right to recovery."

This vice was of course present in the given charge considered and condemned in Parker v. Williams, supra, in that "speculation, conjecture, or doubt" being in the disjunctive, the word "doubt" placed too great a burden of proof on the plaintiff.

In the charge now being considered the word "doubt" is used in the conjunctive with the word "conjecture," i. e., "conjecture and doubt."

■ A verdict cannot be based on conjecture. Aircraft Sales & Service, Inc. v. Bramlett, 254 Ala. 588, 49 So.2d 144.

In James v. Laidlaw Contracting Co., 277 Ala. 143, 167 So.2d 711, the court approved two charges to the effect that the jury "could not base a verdict for the plaintiff on conjecture, speculation or surmise." The court wrote:

"These charges did not, as argued by counsel for appellant, increase the degree of proof required by the plaintiff. They merely negative surmise, conjecture, and speculation as a basis for a verdict. The degree of proof, that is satisfaction of the jury by the evidence, is unaffected by them, and the jury was fully instructed by the court in this regard."

■ Since in the present charge the words "conjecture and doubt" are used in the *conjunctive,* the jury would under the instruction have to find not only that the cause of the accident was wholly in "doubt," but wholly in "conjecture" as well. We therefore consider the charge well within the influence of Whaley v. Sloss-Sheffield S. and I. Co., supra, and

**624**

that no error to reversal should be cast upon the lower court in giving said charge.

■ Plaintiff's assignment of error No. 1 asserts error because of the giving of defendants' requested written charge No. 9. This charge reads:

"I charge you, ladies and gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case, that the Plaintiff's injuries · and damages were the proximate result of a mere accident, then you cannot return a verdict in favor of the plaintiff and against the defendants, Jefferson E. Smith and W. R. Mitchell Contractor, Inc."

In support of their argument that the giving of this charge was error, counsel for plaintiffs cite and rely only on Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731.

However, in Jones v. Berney, 288 Ala. 423, 261 So.2d 745, it was held that the giving of a charge identical with charge No. 9 above, was not reversible error. Further, in Jones v. Berney, supra, the court distinguished the charge No. 9, now being considered, from the charge condemned in Harris v. Schmaeling, supra, by pointing out that the charge in Harris v. Schmaeling, was defective in, (1) not hypothesizing that the accident proximately contributed to the injury, and (2) in failing to hypothesize a finding by the jury "from the evidence."

Assignment of error No. 1 is therefore without merit.

We have written to all assignments argued by the plaintiffs, and find them without merit. Both judgments are due to be affirmed.

Affirmed.

MERRILL, MADDOX, McCALL and FAULKNER, JJ., concur.