Vicki Wagner and her husband, Billy Wagner, were shopping in the Winn-Dixie store in Andalusia, Alabama on July 14, 1978. While in the area of the produce and frozen food displays, Mrs. Wagner slipped and fell. All witnesses agreed that immediately after her fall, there were skid marks on the floor and a potato was observed lying near her feet. Witnesses for the plaintiff, however, testified that one end of the potato was "squooshed" and the skid marks were wet with particles of potato on either side, while witnesses for the defendant contended that the skid marks were dry *Page 296 
and the potato was intact. Medical evidence was introduced to the effect that, as a result of this fall, Mrs. Wagner injured her lower back. There was also evidence that her careers as a waitress and as a professional country singer and buck dancer were terminated due to her injuries. The jury returned a verdict for the defendant, Winn-Dixie, and the plaintiff appeals.
The plaintiff argues initially that the trial court erred by overruling her objection to the defendant's statement in closing argument that "the only way you can return a verdict in favor of the plaintiff is that you have got to believe that Mr. Grissett [the store manager] or somebody, somebody in his store . . . knew that that potato was on the floor." The plaintiff contends this is such a gross misstatement of the law that her objection at the time the statement was made should have been sustained. The law applicable to this point was set out in the case of S.H. Kress Co. v. Thompson, 267 Ala. 566,103 So.2d 171 (1958). There this Court stated:
 [T]o prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it.
267 Ala. at 569, 103 So.2d 171.
Although the statement made by defense counsel in argument was an incomplete statement of the law, reversal cannot be grounded upon this issue. The trial court's oral instructions were a complete and correct statement of the law. Moreover, the trial court appropriately admonished the jury that it was to take the law from the court and not from counsel.
Appellant next contends that the verdict was against the weight and preponderance of the evidence. The main thrust of her argument is that although two witnesses testified Mrs. Wagner slipped on a "squooshed" potato, and two witnesses testified she did not, the jury somehow erred in believing the witnesses for the defendant rather than those for the plaintiff. While a jury verdict may not be predicated on pure speculation or conjecture, Clark v. Smith, 292 Ala. 617,299 So.2d 226 (1974); Howell v. Roueche, 263 Ala. 83, 81 So.2d 297
(1955); Goodwyn v. Union Springs Guano Co., 228 Ala. 173,153 So. 246 (1934), there is a very strong presumption in this state in favor of upholding jury verdicts on appeal.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979); Dixie Electric Co. v. Maggio, 294 Ala. 411,318 So.2d 274 (1975); Clift v. Donegan, 237 Ala. 304, 186 So. 476 (1939). That presumption is strengthened where, as here, the trial judge has overruled a motion for a new trial. Louisville N.R.v. Garrett, 378 So.2d 668 (Ala. 1979); Alabama Power Co. v.Mosley, 294 Ala. 394, 318 So.2d 260 (1975); T.R. Miller MillCo. v. Ralls, 280 Ala. 253, 192 So.2d 706 (1966). Plaintiff has failed to demonstrate that the verdict is clearly and palpably erroneous.
Plaintiff argues finally that the trial court erred in refusing to grant her motion for new trial, such motion being based on her allegation that the jury verdict was against the preponderance of the evidence. Since we have already determined that the evidence is sufficient to support the jury verdict, there is no need to reach this issue. It fails for the same reasons as the plaintiff's argument that the jury verdict was against the preponderance of the evidence.
Since plaintiff has failed to show that reversible error occurred, the decision of the trial court is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 297