The plaintiffs, husband and wife, sued the defendant for negligence as a result of an automobile accident. The jury returned a verdict in favor of plaintiff/wife and assessed her damages at $1,000. The jury found no damages were due the plaintiff/husband for loss of his wife's consortium.
The plaintiffs filed a motion for new trial. This motion was overruled and plaintiffs through able counsel appeal.
The dispositive issue on appeal is whether the trial court erred to reversal in failing to grant plaintiffs' motion for a new trial based upon the inadequacy of the damages.
The record in pertinent part and the reasonable inference therefrom reveal the following:
Plaintiff, Annie Turner Davis, was involved in an automobile accident on December 15 or 16, 1981. The accident took place in Jefferson County at the intersection of Daniel Payne Road and 40th Terrace. Mrs. Davis had stopped, for two to three minutes, waiting for traffic to clear so that she could turn left onto 40th Terrace. The defendant, Richard Wayne Copas, who was traveling in the same direction as Mrs. Davis, first noticed her car when he crested a hill, some fifty yards from the intersection. He testified that he was traveling thirty to thirty-five miles per hour at that time and that he immediately released the gas pedal when he saw her car. Copas testified that because the intersection was clear, he coasted for some distance; when he finally realized that Mrs. Davis was not going to turn, he slammed on his brakes. When Mr. Copas's car hit hers, Mrs. Davis struck the dashboard with her head and leg and hit her hand on the steering wheel hard enough to break the molding.
During the time it took the police to arrive at the scene, Mrs. Davis complained of a slight headache. Later that evening the headache grew progressively worse; Mrs. Davis also began experiencing pain in her neck and shoulder and was unable to sleep. At daybreak she had her husband take her to a hospital emergency room. She was examined, X-rayed, given two prescriptions, and released. Mrs. Davis then attempted to return to work, but because of the pain she was unable to do so. She then took off the next two weeks.
On December 28, 1981, and February 5, 1982, Mrs. Davis saw Dr. Edward Bromberg, an orthopedic surgeon, about the pain in her neck and the headaches. (She had previously seen Dr. Bromberg about three months before the accident, complaining of a pain in her leg, which Dr. Bromberg diagnosed as synovitis, an inflammatory condition in the muscles.) Dr. Bromberg ordered in-office treatment and gave her prescriptions. On March 2, 1982, she saw another orthopedic surgeon, Dr. Gaylon Rogers. He diagnosed her problem as acute cervical strain, a soft-tissue injury to the neck without any findings of nerve involvement or disc disease. Dr. Rogers testified that Mrs. Davis's injury was not permanent and that the pain she experienced could be caused by any number of factors, including synovitis or bursitis. Mrs. Davis was examined by Dr. Rogers's partner, Dr. Lawrence Lemak, on April 13, 1982.
Mrs. Davis did not see a doctor again until seventeen months later; on August 16, 1983, immediately prior to the trial date originally set in the case, she again saw Dr. Lemak and complained, apparently for the first time, of pains in her lower back as well as in her neck. Dr. Lemak ordered an electrical myogram (EMG) to determine nerve damage; the results were normal. In his deposition, which was introduced at trial, Dr. Lemak stated that he had no way of determining if the problems Mrs. Davis experienced in August of 1983 were the same ones she had complained of seventeen months earlier.
At trial, Mrs. Davis introduced the doctor's charges for all of the above office visits and the bill from the emergency room visit. She also introduced bills from prescribed medications. She testified as to *Page 29 
numerous refills of the prescriptions although she had no receipts and no records other than her memory as to the number of refills or the prices of each.
In support of her property damage claim, Mrs. Davis submitted evidence of car repairs totaling $624.63. She also offered the testimony of an experienced car appraiser, Cottrell Abner, who set the December 1981 value of Mrs. Davis's 1980 Buick Riviera at $11,700 and its present repaired value at $11,000. However, it was established that Abner had never seen the car before the accident and that he did not make his appraisal until the day before the trial, or almost two years after the accident.
In support of her lost wages claim, Mrs. Davis testified as to the two weeks lost from work immediately after the accident and as to seventy-three more hours lost up until the time of trial. Although she failed to rebut defendant's claim that she received sick pay for all the time she lost from work, she did testify that using sick leave would somehow affect her future retirement benefits.
After hearing the above evidence, the jury returned a verdict against the defendant in favor of Mrs. Davis for $1,000. The jury entered a verdict in favor of the defendant on Mr. Davis's claim for loss of consortium. (Such verdicts are not inconsistent, see Harden v. Alabama Great Southern R.R.,45 Ala. App. 301, 229 So.2d 803 (1969), and although Mr. Davis did join in the instant appeal, the consortium issue has not been raised on appeal.) After the trial court denied Mrs. Davis's motion for a new trial on the issue of inadequacy of damages, plaintiffs appealed to this court.
Plaintiffs' argument, as summarized from their brief, is as follows: Uncontradicted and undisputed evidence showed that Mrs. Davis's property damage and personal injuries were more than three times the $1,000 verdict awarded by the jury. Mrs. Davis contends that damages were undisputedly established as follows:
Repairs to Car (624.63) Before/After Expert testimony (700.00) -------- TOTAL PROPERTY DAMAGE $1,324.63 PRESCRIPTION DRUGS 211.21 HOSPITAL CHARGES 104.00 PHYSICIAN CHARGES 287.00 LOST WAGES (or loss of sick leave benefits) 1,161,93 LOSS OF CONSORTIUM (at least) 1.00 PAIN AND SUFFERING (at least) 1.00 --------- TOTAL SPECIAL DAMAGES $3,090.77
The law applicable to the inadequacy of damages issue is as follows: Jury verdicts are presumed to be correct. This presumption is especially true in the area of assessment of damages for personal injury, including pain and suffering.Pennington v. Yarbrough, 406 So.2d 943 (Ala.Civ.App. 1981). Furthermore, the presumption is strengthened when the presiding judge refuses to set aside the verdict on a party's motion for a new trial. See, e.g., Ray E. Loper Lumber Co. v. Windham,291 Ala. 428, 282 So.2d 256 (1973).
With respect to damages, a reviewing court will not substitute its judgment for that of the trier of fact. AlabamaGreat Southern R.R. v. Baum, 249 Ala. 442, 31 So.2d 366 (1947). Even in cases of severe and permanent injury, a court will not set aside a verdict merely because, in its opinion, a jury gave too much or too little. Id. A reviewing court will substitute its judgment for that of the jury on the question of damages only if the amount is so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury. Id.
The following standard of review for inadequacy of damages was set out in Hardy Insurance Co. v. Baumhauer-CroomInsurance, 339 So.2d 584, 587 (Ala.Civ.App. 1976): the test is "whether the record affirmatively reveals either an improper motive of, or improper influence on, the jury. If there is no such showing, then it must appear that the verdict fails to give substantial compensation for substantial injury." *Page 30 
We need not reach the issues of passion, prejudice, improper motive, or substantial compensation, for it appears that the instant case is similar to Pennington v. Yarbrough,406 So.2d 943, 945 (Ala.Civ.App. 1981), where we stated the following:
 "There is a great deal of conflict in the evidence regarding the damages suffered by the plaintiff in this case. For instance, there is conflict as to the amount of damage the plaintiff's car suffered; there is conflict as to the force of the impact; and there is conflict as to the plaintiff's physical condition immediately after the accident. Where there is conflicting evidence, the appellate court should not substitute its judgment for that of the jury. Ray E. Loper Lumber Co. v. Windham, 291 Ala. 428, 282 So.2d 256 (1973)."
Although defendant apparently did not offer his own contradictory evidence, defendant's able counsel conducted consistently excellent cross-examination of plaintiffs' witnesses, creating conflicts and exposing possible weaknesses in plaintiffs' case. For example, on the issue of personal injury damages, defendant elicited the following testimony on cross-examination that would have allowed the jury to infer that not all of Mrs. Davis's complaints were related to the trauma she sustained in the automobile accident: Mrs. Davis did not see any doctors over the seventeen-month period preceeding the original trial date; she did not complain of low back pains until over a year and one-half after the accident; she had previously suffered from bursitis and synovitis, both of which could cause similar pain; Mrs. Davis's strain was not a permanent injury, and Mrs. Davis had no records for over one-half of the prescription charges alleged.
On the issue of property damages, it was well within the province of the jury to disregard plaintiffs' expert's testimony on the $700 reduced value of the plaintiffs' car, as the appraiser saw the car not before or immediately after the accident, but instead on the eve of trial, almost two years later.
On the issue of lost wages, the jury could reasonably infer that Mrs. Davis did not in fact lose any wages, as she received sick leave benefits. Furthermore, given the chance, Mrs. Davis was unable to explain exactly how present use of sick leave wages would reduce her retirement benefits. As a verdict for plaintiff for lost retirement benefits could not be based merely on conjecture, there was no error here. See Clark v.Smith, 292 Ala. 617, 299 So.2d 226 (1974).
In light of the above, we cannot say that the trial court erred in failing to set aside the jury's $1,000 verdict. The judgment below is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.