MADDOX, Justice.
This is a “slip and fall” case and the issue is whether there was sufficient evidence to support the jury’s verdict that Western Supermarkets, Inc. (“Western”), was negligent on the occasion when the plaintiff, Louise Cox, fell and was injured.
This is the second time this case has been appealed. On the original appeal, this Court, in reversing a summary judgment in favor of Western, said:
“We have thoroughly reviewed the transcript and studied the briefs filed by the parties. Viewing the testimony in a light most favorable to the plaintiff, and searching that testimony for a scintilla of evidence of what the plaintiff must prove in order to meet her burden of proof, we find that scintilla; we cannot hold as a matter of law that there was no foreign substance on the floor or that, if there was, the defendant was, as a matter of law, not delinquent in failing to discover and remove it. The resolution of this matter is for the trier of fact, who may find that there was no foreign substance on the floor or, if there was, that the defendant was not delinquent in failing to discover and remove it before the plaintiff fell, but that is the responsibility of the trier of fact.”
Cox v. Western Supermarkets, Inc., 557 So.2d 831, 832 (Ala.1989).
On remand, the case was tried to a jury, and the trial judge overruled Western’s motion for a directed verdict made at the close of the plaintiff’s evidence. The jury returned a verdict for Cox in the amount of $17,500 and the trial judge overruled Western’s post-trial motion for judgment notwithstanding the verdict, but stated that “[b]y overruling [Western’s] motion for judgment notwithstanding the verdict, the court does not mean to strengthen the jury’s verdict one way or the other.” The trial court also overruled Western’s motion for a new trial.
Western appeals, contending, as it has all along, that the evidence was insufficient to support a finding that it was guilty of negligence. The main thrust of Western’s argument is that there was a complete absence of any proof on the issue of notice, an insufficiency that Western contends is fatal to the plaintiff’s case.
The applicable law on the question of the sufficiency of the evidence to sustain a jury verdict in a “slip and fall” case is set out in Wagner v. Winn Dixie, 399 So.2d 295, 296 (Ala.1981):
“While a jury verdict may not be predicated on pure speculation or conjecture, Clark v. Smith, 292 Ala. 617, 299 So.2d 226 (1974); Howell v. Roueche, 263 Ala. 83, 81 So.2d 297 (1955); Goodwyn v. Union Springs Guana Co., 228 Ala. 173, 153 So. 246 (1934), there is a very strong presumption in this state in favor of upholding jury verdicts on appeal. Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala.1979); Dixie Electric Co. v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975); Clift v. Donegan, 237 Ala. 304, 186 So. 476 (1939). That presumption is strengthened where, as here, the trial judge has overruled a motion for a new trial. Louisville & N.R. v. Garrett, 378 So.2d 668 (Ala.1979); Alabama Power Co. v. Mosley, 294 Ala. 394, 318 So.2d 260 (1975); T.R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706 (1966).”
In this case, of course, the presumption of correctness of the jury verdict is not *822 strengthened because the trial judge specifically stated the following:
“By overruling defendant’s motion for judgment notwithstanding the verdict, the court does not mean to strengthen the jury’s verdict one way or the other. Further, defendant’s motion for new trial is overruled because these facts have not changed since this case was presented to the trial court on motion for summary judgment and now tried. The court would not expect the facts to change upon retrial and is of the opinion that it is a matter of law as to whether or not these facts constitute negligence.”
In denying Western’s motion for a judgment notwithstanding the verdict, the trial judge expressed concerns about the proof on the element of notice, but noted that this Court “[had] been previously presented with this identical evidence and all nine Justices said that this evidence presented a jury issue.” The trial judge concluded that “Apparently, the jury in this case must have inferred that there was a foreign substance on the floor from the evidence, and that the defendant was negligent in failing to remove it.” Consequently, we hold that the evidence was sufficient to support the jury verdict.
We would point out again, however, as we did in the opinion on the first appeal, that “[t]his action was pending on June 11, 1987; therefore ... the applicable standard is the ‘scintilla rule.’ ” 557 So.2d at 832.
Based on the foregoing, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.