ROBERT P. BRADLEY, Retired Appellate Judge.
Tony Walker filed a wrongful death action in the Circuit Court of Mobile against Patsy Hunnicutt, alleging that she had negligently and wantonly operated her motor vehicle and caused the death of his son Derek Lavon Walker. Hunnicutt subsequently filed an answer, denying all allegations contained in the complaint. Hunni-cutt then filed a motion for summary judgment based on the pleadings and deposition testimony, and Walker filed a motion in opposition.
On November 16, 1990 the trial court granted Hunnicutt’s motion for summary judgment on the count of wantonness, but denied the motion on the count of negligence. The matter was tried by jury on December 4, 1990 and a verdict was returned for Walker in the amount of $8,000. Hunnicutt filed a motion for new trial, which was denied by the trial court. Hun-nicutt appeals.
The Alabama Supreme Court has defined negligence as the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something a normally prudent person would not have done under the same or similar circumstances. Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala.1978). In order to sustain a verdict based on negligence, the plaintiff must prove by substantial evidence that the defendant breached a duty of care. Best v. Houtz, 541 So.2d 8 (Ala.1989).
Hunnicutt raises a single issue on appeal: Whether Walker failed to prove by substantial evidence that she caused Derek Walker’s death by her negligence.
We begin by recognizing that no ground for reversal is more rigidly limited than the ground that the verdict of a jury was against the great weight of the evidence. Indeed, a jury verdict is afforded a strong presumption of correctness that cannot be reversed unless it is plainly and palpably wrong. Mahoney v. Forsman, 437 So.2d 1030 (Ala.1983); Wagner v. Winn-Dixie, 399 So.2d 295 (Ala.1981). This presumption is strengthened by the trial court’s denial of a motion for new trial. Chapman v. Canoles, 360 So.2d 319 (Ala.1978).
The record reveals these uncon-troverted facts: On July 11, 1989 Derek Walker and two of his friends went jogging at around 9:00 p.m. The boys jogged in a single-file line, moving at the foot of a small hill on the right side of the road. Hunnicutt’s car approached them from behind as it descended the small hill, traveling in the right lane. One of the boys shouted to the others to get out of the car’s way, and in attempting to do so Derek moved into the street to cross to the left *728 side. At that moment, Hunnicutt was attempting to avoid the boys, by moving into the left lane. Hunnicutt’s car hit Derek in the left lane.
At trial it was undisputed that Hunnicutt attempted to avoid the boys by changing lanes, but did not slow her speed or sound the horn of the car to further avoid the accident. Although it was highly controverted, there was also evidence at trial that Hunnicutt might have been traveling at a speed slightly in excess of the posted limit.
In Alabama, drivers have the duty to travel at a safe and appropriate speed, especially when special hazards exist with respect to pedestrians. See § 32-5A-170, Code 1975. Above all, drivers have the duty to take due care to avoid colliding with any pedestrian and shall give warning by sounding the horn of their cars or taking other precautions to warn of the danger of collision. § 32-5A-213, Code 1975.
In light of the evidence at trial, the jury could have found that Hunnicutt's failure to warn the boys of her approach by signaling with her lights or the horn was not reasonable under the circumstances and thus a breach of her duty of care. Further, the jury could properly have found from the evidence that Hunnicutt was traveling faster than the posted limit and did not slow down upon observing the boys.
We note the undisputed evidence which shows that Derek chose to cross the street in front of the car in an attempt to avoid the car, rather than moving just a bit to the right onto the roadside out of harm’s way. The facts thus indicate the possible negligence of both parties. However, an appellate court must review the evidence in the light most favorable to the prevailing party and indulge such inferences as the jury is free to draw. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). Because the jury’s findings are supported by substantial evidence in the record, it is not within our province to disturb its verdict on appeal. We therefore have no alternative but to affirm the judgment in this case.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.