L. CHARLES WRIGHT, Retired Appellate Judge.
Herbert Clark, Sr., filed a complaint against Mr. and Mrs. Charlie McGee, requesting that he be awarded $26,370.59. That amount was the alleged last payment owed to Clark for his efforts in constructing the McGees’ new home. The McGees counterclaimed, asserting that Clark breached the construction contract. Following a jury trial, a verdict was returned in favor of Clark in the amount of $31,400. The McGees filed a “Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for New Trial,” asserting that the verdict was excessive and was not supported by the evidence. The trial court denied the motion. The McGees appeal.
The sole issue on appeal is whether the trial court erred in denying the McGees’ post-judgment motion based on the exces-siveness of the jury’s verdict.
In October 1992 the McGees hired Clark, a general contractor, to construct a new home. The construction contract provided that in *181 exchange for the construction of the home, the McGees would pay Clark the sum of $90,690.79. This amount was to be paid in four installments, as the work progressed. The last installment was to be $22,672.
Clark began construction of the home in February 1993. During construction, Clark deviated from the blueprints and the specifications provided by the McGees. Some of the deviations were at the request of the McGees, while others were allegedly made without their knowledge. As a result of the deviations and the McGees’ dissatisfaction with Clark’s work, the McGees withheld the final installment payment of $22,672.
Clark testified that in addition to the last installment, the McGees also owed him $9,131.92. That amount included $5,395.33 for vinyl siding and $3,736.59 for additional labor and materials used to satisfy the McGees’ requested deviations. The jury’s verdict conformed to Clark’s accounting.
The McGees assert that the verdict was excessive. They insist that the jury erroneously considered the cost of the vinyl siding in computing the award and that the jury failed to consider a $6,233 credit owed to them under the terms of the contract.
“[T]he party claiming damages has the burden of establishing the existence of and amount of those damages by competent evidence. The award of damages cannot be made upon speculation, and the plaintiff has the burden of offering evidence tending to show to the required degree, the amount of damages allegedly suffered.”
Johnson v. Harrison, 404 So.2d 337, 340 (Ala.1981) (citations omitted).
The evidence concerning whether the cost of the vinyl siding was included in the contract price was disputed. The McGees insisted that the cost of the siding was included in the contract price. Clark testified that the McGees’ decision to use vinyl siding was a deviation from the original contract. His specifications provided that wood siding was to be used. The wood siding was in place prior to the time that the McGees requested that vinyl siding be used.
The jury found that the cost of the vinyl siding was not included in the contract price, but was an additional amount owed by the McGees. Due to the conflicting nature of the evidence, we will not substitute our judgment for that of the jury. Davis v. Copas, 455 So.2d 27 (Ala.Civ.App.1984).
In calculating its award, the jury failed to consider the amount owed the McGees under the “allowance” provision of the contract. It was understood by the parties that the McGees would receive a credit for materials purchased by them. The evidence was undisputed that the McGees were entitled to a credit. Clark testified that the McGees were entitled to the following credits under the contract: $4,800 for carpet and tile, $1,104 for lighting fixtures, and $329 for brass fixtures, for a total of $6,233.
This issue was raised in the McGees’ post-judgment motion. When the excessiveness of the verdict is the sole issue raised in a motion for a new trial, the appellate court may grant a remittitur. State Farm Fire & Casualty Insurance Co. v. Lynn, 516 So.2d 1373 (Ala.1987).
We find that the jury failed to consider the undisputed evidence concerning the credit owed to the McGees and that the trial court erred in refusing to grant the McGees’ post-judgment motion based on that issue. Therefore, a remittitur is granted in the amount- of $6,233 as a condition for affir-mance of the judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED CONDITIONALLY.
All the judges concur.