THOMPSON, Judge,
dissenting.
I must respectfully dissent from the majority opinion.
I agree that Alabama law requires that the minimum jury award equal at least the amount of uncontested special damages, where liability for the injuries is clearly established. However, damages in this case were not uncontested.
I believe that the majority’s determination that all of the injuries for which Burgett sought recovery “were caused” by the accident was improper. Further, the majority’s statement that special damages in the amount of $2,377.20 were “undisputed” is misleading. It was not disputed that Bur-gett incurred these medical bills. However, Burgett’s assertion that all of those medical bills were for treatment of injuries resulting from the accident was disputed by Simmons. Simmons contested throughout the case whether the injury to Burgett’s coccyx related back to the injuries she sustained in the automobile accident. Simmons also contested Burgett’s claim for lost wages.
Simmons elicited testimony that Burgett did not complain of the injury to her coccyx until six months after the automobile accident. The testimony of Burgett’s doctor was contradictory as to the cause of the injury to Burgett’s coccyx. The doctor testified at one point that the accident caused the injury to the coccyx, and at another point he testified that the problem was developmental and that it was unrelated to the accident. The doctor also acknowledged the possibility that Bur-gett could have sustained this injury as a *482 result of her work. The jury could have, and apparently did, find that the injury to Bur-gett’s coccyx was not caused by the automobile accident for which the jury found Simmons at fault. “[A] jury verdict is presumed to be correct.” Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala.1988).
During the hearing on the motion for a new trial, neither the attorneys for the parties nor the judge could ascertain how the jury reached its verdict in the amount of $1,337.50.
“When a jury is the trier of fact, it is not for the trial judge, nor an appellate court, to attempt to determine with mathematical certainty that all of the evidence offered by the parties regarding specific costs and credits precisely equal the amount of the jury’s verdict. We do not have trial by computer, nor do we have post-trial, or appellate review by the computer. The reviewing court does not substitute its own judgment as to the amount of damages for that of the trier of fact. Davis v. Copas, 455 So.2d 27 (Ala.Civ.App.1984).”
G.M. Mosley Contractors, Inc. v. Phillips, 487 So.2d 876, 879 (Ala.1986).
Simmons points out, in his brief submitted to this court, that medical bills resulting from Burgett’s trips to the emergency room immediately following the accident total just over $1,100. Simmons argues that the remainder of the verdict amount is an award for pain and suffering. Thus, there is at least one explanation for the award of damages in this case: the jury did not find that the injury to Burgett’s coccyx was related to the automobile accident, for which the jury found Simmons at fault, and, therefore, did not award damages to compensate Burgett for that injury-
I do not support the majority opinion that the damages awarded by the jury were inadequate. I believe the jury was not persuaded that the injury to Burgett’s coccyx resulted from the automobile accident and therefore did not award Burgett payment for the medical bills related to that injury. The evidence regarding Burgett’s claims was contested, and it was the role of the jury to determine the appropriate award of damages. I do not consider the damages awarded by the jury to be inadequate; a new trial should not be granted on that ground. Therefore, I dissent.